JOHN B. VINCENT v. DAVIDSON & WILLIAMS.

JURISDICTION — *Judgment—Collateral Attack.* Where the record of a justice of the peace shows jurisdiction of the subject-matter and of the parties, and he renders a judgment in a proceeding had before him after acquiring such jurisdiction, such judgment cannot be questioned or set aside in a collateral proceeding.

MEMORANDUM.— Error from Reno district court; L. HOUK, judge. Action by B. V. Davidson and C. W. Williams, partners as Davidson & Williams, against J. B. Vincent. Plaintiffs recover judgment, and defendant brings the case here. Affirmed. The opinion herein was filed November 9, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows :

This suit was commenced before a justice of the peace in Hutchinson city, Reno county, Kansas, by Davidson & Williams against John B. Vincent, to recover from him as garnishee. Vincent had been duly served with garnishment summons to appear and answer under oath all questions put to him touching the property of every description and moneys of the defendant in the garnishment proceedings. He made his answer, under oath, as follows :

" Before George F. Hayden, J. P., in and for the city of Hutchinson, county of Reno, and state of Kansas. Davidson & Williams v. Flint & Walling Mfg. Co.

" Personally appeared John B. Vincent, who, being duly sworn, says : That at the time of service of garnishee summons on him in the above-entitled action he had in his possession and under his control money belonging to the defendant in the sum of three hundred and seventy-five dollars.— JOHN B. VINCENT."

And thereafter such proceedings were had on notice by publication that resulted in a judgment against the defendant in the garnishee suit, and the justice made the following findings, and entered them upon his docket :

" That John B. Vincent, garnishee, has money of the defendant in his possession and under his control to the amount of $375. Therefore, it is considered

and adjudged that the plaintiff have judgment against the defendant for the sum of $125, so found due as aforesaid, and for costs of suit, and that John B. Vincent is hereby ordered to pay into this court, out of the money in his hands belonging to the defendant, the amount of this judgment and costs of suit. Amount of judgment, $125, and costs $6.''

The garnishee, being duly served with a copy of the order of the justice of the peace, but failing to pay the money over to the court, this suit was afterward instituted for the recovery of this sum, and, on trial before the justice, judgment was rendered against the defendant below for the amount disclosed in his answer, together with interest and costs, and the defendant appealed from said judgment to the district court, where the case was tried, and resulted in a judgment for the plaintiff below, and the defendant below excepted and made case for the supreme court, and filed his petition in error with case-made attached in the supreme court, and the case was, by order of the supreme court, duly certified to this court for its decision.

*W. H. Carpenter*, for plaintiff in error.

*Davidson & Williams*, defendants in error, for themselves.

The opinion of the court was delivered by

JOHNSON, P. J.: The first error complained of by plaintiff in error is, that the district court erred in overruling the demurrer of the defendant below to the evidence of the plaintiffs below on the trial of said cause. The evidence on behalf of plaintiffs below consisted principally of the file papers and the docket of the justice of the peace in the case of Davidson & Williams against the Flint & Walling Manufacturing

Company, in a proceeding in garnishment where the plaintiff in error was the garnishee. The docket of the justice shows the title of the action, the number of the case, the date of the filing of the bill of particulars, the affidavit for garnishment summons by plaintiffs, the issuing of summons, also the issuing of garnishment summons and the return of the constable indorsed thereon, showing the service of the garnishment summons on John B. Vincent, and the return of the summons indorsed by the constable, showing that service could not be had on the defendants in the action in the county, the answer of the garnishee, the continuance of the case for publication notice on the Flint & Walling Manufacturing Company, the proof that publication notice had been made, the trial of the case, judgment of the justice finding that John B. Vincent had $375 in his hands of money belonging to the defendant, and the judgment against defendant for $125 and costs of suit, taxed at $6, and an order on the garnishee to pay into court, out of the money in his hands belonging to the defendant, the amount of judgment and costs. The evidence also shows that the judgment and costs had not been paid. While the docket entries made by the justice were not as full and complete as the journals of a court of record should be, yet they showed upon the whole such proceedings had been had as gave the justice of the peace jurisdiction over the subject-matter and the parties, and the judgment of the justice of the peace was valid.

The contention of the plaintiff in error is, that the justice of the peace never had any jurisdiction over him as garnishee; that the answer made by him under oath was sworn to before the county clerk, and that the garnisee did not appear before the justice and

39—APP.

answer under oath all questions put to him touching the property of every description and credits of the defendant in his possession or under his control. The records show that he did appear before the justice, and he made answer under oath, and he is bound by his answer. If he desired to make further or different answer, to show in what manner he held the money of the defendant, it was his duty to make his statement full and complete ; if he was satisfied with the answer made by him under oath, he was bound by it. The filing of the bill of particulars before the justice of the peace was the first step towards bringing the action, and the bill of particulars shows that it was an action within the jurisdiction of the justice, and therefore he docketed the case and issued the summons to the defendant. The plaintiff at the same time filed an affidavit for a garnishment summons, setting forth that they had good reason to believe and ·did believe that John B. Vincent, within the county of Reno, where the action was brought, had property, money, goods, chattels, credits and effects in his hands or under his control belonging to the defendant, and that the defendant was justly indebted to them in the sum of $125 over and above all legal set-offs, and that the plaintiffs had good reason to believe and did believe that they would lose the same unless a garnishment summons should issue to John B. Vincent. Upon the making and filing of this affidavit, the justice was authorized to issue a garnishment summons to John B. Vincent, and upon the service of this garnishment summons upon him the justice obtained jurisdiction over him personally. A justice of the peace is one of the judicial officers provided for by the constitution of this state, and is to have such jurisdiction as may be conferred

upon him by law. The legislature, under the constitution, has conferred jurisdiction upon justices of the peace within their respective counties to the extent of $300 in civil actions, and within that jurisdiction conferred upon them authority to proceed against persons having property in their possession or under their control belonging to a debtor by garnishment proceedings, and when the necessary facts are brought properly before a justice of the peace jurisdiction attaches. "The power to determine a case is jurisdiction; and is *coram judice* whenever a case is presented which brings the power into action." In this case it clearly appears that the law has given the justice power to entertain· this case, and the necessary proceedings were had that brought that power into action, and the jurisdiction had attached, and the right to hear and determine was perfect, and the decision of every question after the justice had acquired jurisdiction was valid and binding upon all persons interested until reversed or set aside by some proper proceeding for that purpose before some court authorized to review and set the same aside. The orders, judgments and findings of the justice could not be questioned or disregarded in a collateral proceeding.

In the case of *Sheldon v. Newton*, 3 Ohio St. 496, the court says:

"A settled axiom of the law furnishes the governing principles by which these proceedings are to be tested. If the court had jurisdiction of the subject-matter and the parties, it is altogether immaterial how grossly irregular or manifestly erroneous its proceedings may have been; its final order cannot be regarded as a nullity, and cannot therefore be collaterally impeached."

In the case of *McCormick v. Sullivant*, 10 Wheat. 196, Washington, J., speaking for the court, says :

"The courts of the United States are courts of limited, but not of inferior jurisdiction. If the jurisdiction be not alleged in the proceedings, their judgments and decrees may be reversed for that cause on a writ of error and appeal ; but, until reversed, they are conclusive evidence between parties and privies."

When the jurisdiction, even of a limited court, is once established, it is entitled to the same presumptions in favor of its acts as a superior one, and subsequent irregularities will not render its proceedings void. Jurisdiction having been acquired, the proceedings are not subject to collateral attack.

The final error complained of by plaintiff in error is in the order of the court sustaining the demurrer of the plaintiffs below to the evidence of the defendant below and discharging the jury and rendering judgment for plaintiffs below. The defendant below tried its case on the theory that it could attack the judgment and proceedings in the justice's court and have them declared void in this collateral proceeding. The first assault made on the proceedings had in the justice's court was on motion made by counsel for the defendant in the original case before said justice to vacate the judgment rendered by the justice in the original garnishment proceedings. The attorneys for both parties appeared before the justice of the peace and argued the motion to vacate the judgment, which motion was overruled, and attorneys for the defendant in the original suit duly excepted. They then filed a motion to amend the record, which motion was also overruled, and they duly excepted. Neither defendants in the original suit, nor the garnishee, attempted to have the judgment of the justice reversed, vacated or

set aside in any proceeding whatever. They simply refused to pay the judgment or respect the order of the justice to pay the money into court, and when this suit was instituted to recover the amount of judgment, with costs, the defendant below sought to have the judgment and proceedings had before the justice of the peace held void. The record shows such proceedings as the justice of the peace was authorized under the law to entertain and render judgment in, and, having done so, it is conclusive on all parties in interest. There could be no defense to the judgment and order of the justice, and no other judgment could be rendered than for the plaintiff below. There was no prejudicial error in sustaining the demurrer and discharging the jury, and entering judgment for the plaintiffs below. The court could have sustained the plaintiff's demurrer, and ordered the jury to return a verdict for the plaintiffs below, and perhaps this would have been the proper thing to do, .but where no other judgment could legally be rendered than for the plaintiffs below, it was immaterial whether it was on a verdict of the jury ordered by the court or whether it was one ordered by the court after all the evidence was before it.

The judgment of the district court is affirmed.

All the Judges concurring.