## LISCUM v. HENDERSON-STURGIS PIANO CO.

No. 3810.   Opinion Filed January 9, 1915.

(145 Pac. 773.)

**JUSTICES OF THE PEACE—Judgment—Conclusiveness.** Where a judgment of a justice court appears to have been regularly obtained, and where it appears from the transcript of the justice's docket that such justice had jurisdiction over the persons and subject-matter in controversy, such judgment not appealed from is final and constitutes a bar to a subsequent action over the same subject-matter by the same parties. (Syllabus by Harrison, C.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action in replevin by the Henderson-Sturgis Piano Company against Fred S. Liscum. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

*Fred S. Liscum, in pro. per.*

*Frank C. Shoemaker,* for defendant in error.

Opinion by HARRISON, C.' The decisive question involved herein is whether the piano company is concluded by a judgment of a justice of the peace court not appealed from. One George E. Clark brought suit in the justice court against D. Frank Johnson on an account and attached the piano in controversy here. The piano company intervened and claimed the piano. When the cause came on for trial, judgment was rendered in favor of Clark, and against Johnson by default; Johnson having been summoned by publication and not being present. Thereafter the issue between Clark and the piano company as to whom the piano belonged was determined by the verdict of the jury against the piano company. In due time the piano company appealed from the judgment of the justice court. The appeal was dismissed by the district court and the cause sent back to the justice court with instructions to execute the judgment. Subsequently the piano company filed a motion to reinstate the appeal, which motion was later withdrawn. The cause was sent back to the justice court with instructions to execute the judgment, which instructions the justice court followed, and the piano was sold to satisfy the judgment in favor of Clark against Johnson. Fred S. Liscum, plaintiff in error herein, purchased the piano at the execution sale. Later on, the piano company brought this action in the district court against Liscum for the piano. Liscum answered, setting up the judgment of the justice court which had not been appealed from, as a bar to the piano company's right of action. Judgment was rendered in favor of the piano company and Liscum appealed, relying principally upon the proposition that the judgment of the justice court, not having been appealed from, was final and constituted a bar to the piano company's recovery in this action. The piano company, defendant in error here, contends that the judgment of the justice court was void for want of jurisdiction and should be treated as a nullity. This con-

tention cannot be sustained. The transcript of the justice's docket, which is a part of this record, shows it to have been regular in all the proceedings. It shows that the suit was brought by Clark against Johnson; that summons was issued to Johnson and returned "not found;" that thereafter, upon proper affidavit, an order was made for service by publication; that service by publication was duly made, proof of same made to the justice, and thereafter judgment by default rendered against Johnson; that in the meantime, the piano company having filed an interplea claiming the piano, the issue as to whom the piano belonged was tried by a jury and verdict rendered in favor of Clark; upon which verdict the justice of the peace rendered judgment, and from which judgment an appeal was taken to the district court, ultimately dismissed, motion to reinstate the appeal filed by the piano company and thereafter withdrawn. Whereupon the district court sent the cause back to the justice court with instructions to execute the judgment, which instructions were followed by the justice of the peace by selling the piano and applying the proceeds to the satisfaction of the judgment and costs.

The contention that the judgment of the justice court was void for want of jurisdiction is not borne out by the record. The transcript appears regular on its face and clearly shows jurisdiction of the subject-matter, of the amount in controversy, the appraisers' report showing the piano to have been appraised at $125, which appraisement was in no wise questioned by the piano company. It shows jurisdiction of the parties by due and proper service on Johnson by publication, and of the piano company by appearance in the justice court and participation in the trial. This being true, the piano company is concluded by the judgment. 24 Cyc. 609, 610; *Union Pac. Ry. Co. v. McCarty,* 8 Kan. 125; *Vincent v. Davidson,* 1 Kan. App. 606, 42 Pac. 390; *McCormick v. Sulivant,* 10 Wheat. 196, 6 L. Ed. 300; *Woodworth v. Town of Hennessey,* 32 Okla. 267, 122 Pac. 224.

Hence the judgment should be reversed, with instructions to dismiss plaintiff's action.

By the Court: It is so ordered.