HON. JNO. H. BURFORD, CHIEF JUSTICE.
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
HON. CLINTON .F. IRWIN,
HON. JNO. L. McATEE, } ASSOCIATE JUSTICES.

---

W. S. PRATT v. JOHN A. RATLIFF, *Sheriff of Kingfisher County.*

(Filed June 8, 1900.)

1. RES JUDICATA. A judgment is a bar if the cause of action be the same, though the form be different. The cause is the same when the same evidence will support both actions; or, rather the judgment in the former action will be a bar provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former.

2. SAME. When a matter has once passed to final judgment without fraud or collusion, in a court of competent jurisdiction, it has become *res judicata*, and the same matter between the same parties cannot be reopened or subsequently considered.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before John C. Tarsney, District Judge.*

*D. K. Cunningham*, for plaintiff in error.

*M. J. Kane*, for defendant in error.

STATEMENT OF THE CASE.

This is an action of replevin brought by plaintiff in error before Thomas Menzies, a justice of the peace in and for Kingfisher county, Oklahoma Territory, against the defendant in error, to recover possession of personal property levied upon and taken by the defendant, as sheriff of said county under an execution issued in a suit in which one D. W. Doty recovered a judgment against this plaintiff in error, in June, 1893, before one W. D. Hilton, who was then pretending to act as justice of the peace, in and for said county, and which last mentioned judgment was taken on transcript to, and filed in the district court of said county, and the execution in the hands of the defendant, as sheriff, upon which he acted in taking the property, was issued by the clerk of the district court on said transcript. The plaintiff in error in his affidavit of replevin filed in this case sets out that the judgment on which the execution issued is void, for the reason that at the time said judgment was rendered, the said Hilton, who rendered said judgment was not a justice of the peace, *de facto* nor *de jure*, and had no authority whatever to render said judgment. To plaintiff's affidavit in replevin defendant filed a demurrer in the justice court which was sustained by that court, and judgment rendered against the plaintiff. Plaintiff then appealed to the district court, and in the district court the case again came on for hearing on a motion of the defendant to dismiss the appeal, for the reason that the affidavit in replevin was not sufficient, which motion was by the court

overruled. Defendant was then allowed to and did file a general denial, and the trial of the case proceded upon an agreed statement of facts: By agreement of counsel it was stipulated that the statement and evidence obtained in a certain case-made in case No. 760, wherein this plaintiff was plaintiff, and B. W. Burchett, as sheriff, and one Doty, were defendants, should be taken as a statement of facts in this case. This case No. 760 was brought in the district court of said county by this plaintiff to enjoin the sheriff of said county and said Doty from enforcing collection of the same judgment which is claimed in this case to be void. And the plaintiff in that case, who is the plaintiff in this, obtained a temporary restraining order restraining the sheriff from collecting said judgment. It is agreed and stipulated by counsel that the evidence in that case was practically the same as the evidence in this case, and that the only difference between the two cases is that this one is an action of replevin, and that was an action for injunction or restraining order. On hearing the district court refused to grant a permanent restraining order in that suit, the judgment of the court in that case being as follows:

"And now on this 27th day of November, 1897, the same being a regular judicial day of said court, this cause came regularly on for decision, having theretofore been tried, argument of counsel made, and having been taken under advisement by the court until this date. The plaintiff being present in court by D. K. Cunningham, his attorney, and defendants being present by W. A. Taylor, their attorney, and the court having been thoroughly advised in the premises, finds that the temporary writ of injunction heretofore issued be quashed, and that any further or permanent injunctional writ be refused therein,

and generally finds for the defendants. The costs taxed to the plaintiff."

This plaintiff took an appeal from this order and judgment to the supreme court and the same was dismissed in that court on motion, for the reason that plaintiff did not file his brief in time. After a full hearing of the cause, the court, on the 2nd day of November, 1898, sitting in the district court in and for Kingfisher county, Oklahoma Territory, rendered a judgment in favor of the defendant, and against the plaintiff for the recovery of certain personal property, or the value thereof, in the sum of $79.47, and costs of suit. Motion for a new trial was made by the plaintiff, overruled by the court, and the plaintiff brings the cause here for review, alleging the action of the court in so rendering judgment, and overruling his motion for a new trial, as error.

Opinion of the court by

IRWIN, J.: It is apparent from an examination of the record and the stipulation of the parties, that the issues joined and the evidence in the case No. 760, referred to in the stipulation, are identical with the case at bar. The parties are practically the same. In that case it was this plaintiff in error as plaintiff, and the sheriff of Kingfisher county, and the execution creditor, as defendants. The question there involved was the validity of the judgment on which the execution in this case was issued. The questions to be tried in that case were identical with the questions put in issue by the pleadings in this case. The plaintiff could not recover, nor the defendant defeat the action, except by an adjudication, one way or the other, of the validity or invalidity of that judgment, as the issues are identical and the evidence the same, and between the

same parties. We think the judgment in that case being a final judgment is conclusive, and binding upon the parties to this case, and that the district court was correct in so finding by the judgment. We take the proposition of law to be well settled that when a matter has once passed to final judgment, without fraud or collusion, in a court of competent jurisdiction, it becomes *res judicata*, and the same matter, between the same parties, cannot be reopened or subsequently considered. (21 Am. & Eng. Enc. of Law, page 128.)

In the case of *Duchess of Kingston's Case*, 11 State Trial, 261; 2 Smith's Lead. Cases, (6th Am. Ed.) 663 it is said:

"The judgment of a court of concurrent jurisdiction directly upon a point is, as a plea, a bar; or, as evidence, conclusive between the same parties upon the same matter directly in question, in another court."

It is urged by the plaintiff in error that the decision in the case No. 760, referred to in the stipulation is not a bar to this action, and the decision there is not final or binding in this case, as the decision there was the refusal of an injunction, and the granting of an injunction is a matter resting largely in the discretion of the court, and the court may have refused the injunction on the grounds that the plaintiff had an adequate remedy at law, and may not have based his refusal upon the merits of that case; but an examination of the record w ll show that th's is not the fact. It is true the court might have based his decision upon the grounds alone that the plaintiff had an adequate remedy at law, but an examination of that case, and the decision of the court will show that such a refusal was not upon that ground, as the court found, after a full examination of the case, and hearing the arguments of

the counsel; the finding is generally in favor of the defendant, and in that case the application for an injunction was not resisted upon the grounds that there was an adequate remedy at law, but upon the grounds that the judgment was a valid and legal judgment, and this was the only question at issue in that case, as shown by the stipulation, and the only question upon which the court passed. The court having found in that case in favor of the validity of that judgment, and that decision being a final decision, between the same parties, and decisive of the subject matter in this case, is conclusive and binding upon the parties. While it is true that in that case the court did not in express terms say in his judgment that the judgment rendered by Hilton as a justice of the peace, was a legal and valid judgment, the court did, by that judgment, find generally for the defendant. And the rule is well settled that where a bill in equity is dismissed upon a full hearing on the merits, it is an effectual bar to a subsequent suit for the same cause of action. (21 Am. & Eng. Enc. of Law, page 227.)

The fact that the former suit was a suit in equity, and this a suit at law, does not change the rule. (*Williamsburgh Sav. Bank v. Town of Solan*, 32 N. E. 1058.)

We think that the principles or doctrine laid down by the New York Court of Appeals in that case will apply with equal force to this case. They there say:

"In an action in equity by a town against the bondholders to cancel certain bonds alleged to be invalid, on certain grounds, a judgment declaring the bonds to be valid is *res judicata* of the questions involved and estops the town to plead their invalidity on the same grounds in a subsequent action on the bonds by the holders."

Applying that doctrine to this case we find that the identical question involved in this case was adjudicated in case No. 760 referred to. The same judgment and existent facts are pleaded to furnish the vital grounds of controversy in that case as in this case. In that case the plaintiff could not succeed without proving that that judgment was void, and while the defendant might have defended upon other grounds, as for instance the fact that plaintiff had an adequate remedy at law, they did not so defend, and put it solely upon the question of the validity of that judgment. And the court there decided in favor of the validity of that judgment, and that judgment is the identical judgment in question in this case.

As the United States supreme court in the case of *Aurora City v. West*, 7 Wall. page 62, has well said:

"The doctrine of estoppel by a former judgment between the same parties is one of the most beneficial principles of our jurisprudence, and has been less affected by legislation than almost any other."

The supreme court of Vermont, in the case of *Gray v. Pingry*, 17 Vt. 419, say:

"There must be some end to litigation, and much more injustice might be done in reviewing forgotten issues than in limiting the right to prosecute."

In the case of *Van Rensselaer v. Kearney*, 11 How. 326, the United States supreme court say:

"The doctrine of *res judicata*, is conducive of peace, repose and morality, and that without working any injustice."

The supreme court of Vermont in the case of *Gray v. Hollister v. Abbott*, 13 New Hampshire, 448, reported in the 64 Am. Dec. 342, the court through Judge Eastman said:

"It is a well established principle that the judgment of a court of record having jurisdiction of the case and of the parties is binding and conclusive upon the parties and privies in every other court until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceeding may be erroneous, yet, as between the parties the judgment must stand until regularly vacated or reversed. Where the court has jurisdiction it has the right to decide every question which arises in the case; and whether its decisions be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correctness of a judgment which has been rendered between them in a court having jurisdiction of them and of the subject matter; the only way for them to investigate such a judgment is by a rehearing of that case, either by writ of error or some other legal and direct mode; for to the extent to which the judgment goes their rights have been considered and decided, and they have submitted to that decision, either from the force of law, after a final hearing, by a court of last resort, or from a disinclination to pursue the matter further when other courses of proceeding for rehearing were open before them, and might have been had if they had so elected."

Now it seems to us, applying that doctrine to this case, that it must conclusively appear that the judgment rendered in No. 760 is a bar to the action brought in this case. And the judgment of the district court could not have been other or different than it was. That the court could not have found other than for the defendant. This entire matter was brought up by the application for an injunction, and was passed upon by the court, and the case at bar was simply an attempt on the part of the plaintiff to retry that case by an action of replevin.

The former case involving the same issues, based upon the same evidence, was tried before the district court

and decided by it, and an appeal was regularly taken, and while no decision of the supreme court was had, this failure to obtain a decision was entirely through the fault of the plaintiff in error, and it seems to us that he could not be heard to complain of the result of his own negligence in not filing his brief as required by the rule of the supreme court. That decision of the district court of Kingfisher county was in full force and effect between the parties, and was conclusive of their rights in this case, and the district court was justified in rendering a judgment in this case in favor of the defendants.

Therefore the decision of the district court will be affirmed.

All of the Justices concurring.