WOODWORTH, *County Clerk,* v. TOWN OF HENNESSEY.

No. 1576. Opinion Filed March 12, 1912.

(122 Pac. 224.)

**JUDGMENT**—Conclusiveness—Matters Concluded. A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction upon the same or a different cause of action.

(Syllabus by Robertson, C.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action in mandamus by the Town of Hennessey against George H. Woodworth, County Clerk of Kingfisher County. Judgment for plaintiff, and defendant brings error. Reversed.

*M. W. Hinch,* for plaintiff in error.

*R. W. Wiley,* for defendant in error.

Opinion by ROBERTSON, C. January 14, 1903, the trustees of the town of Hennessey passed Ordinance No. 73, requiring thereby the construction of a sidewalk along and in front of certain lots in said town, including lots 20 and 21, in block 36, in Thompson's Addition. The ordinance required the sidewalk to be constructed of either brick, stone, or cement, and to be built within six months from the 1st day of January, 1903. Said ordinance further provided that, in the event the owners of the property failed to build the walk within the time specified, the board of trustees should levy a special tax to meet the expense of such construction. On July 7, 1904, the town clerk of Hennessey delivered to the county clerk of Kingfisher county a tax certificate showing that the owner of the lots involved in this suit had failed to construct the sidewalk, and that such walk had been constructed by the town of Hennessey, and which said certificate also showed that the sidewalk had been constructed of cement and brick; that it was nine feet wide, instead of eight, as required by the ordinance; that it had a curbing composed of a brick wall eight inches wide, two feet four inches deep, and a curbing on the inside of the walk four inches thick, and two feet four inches deep, plainly showing that a different walk than the one ordered by the ordinance had been constructed by the town. On July 22, 1904, the Pabst Brewing Company, owner of said lots, began an injunction proceeding in the district court of Kingfisher county against J. E. Burns, county clerk of said county, alleging, among other things, that said Burns, as such county clerk, was about to spread such assess-

ment as aforesaid on the tax rolls of said county; that said assessment levying the tax purported to be for a sidewalk built along the lots hereinbefore described, and was 9 feet 2½ inches wide, and had been built by one Frank Lowry, who was not authorized by the owner or by any one else legally to make such improvement; that said town of Hennessey had no ordinance authorizing the construction of such walk as the said tax certificate shows had been built, and that plaintiff, the owner, had no notice to build such walk, and that all proceedings taken by the town of Hennessey in and about the making of such assessment and levy against said lots were void, and that Burns as county clerk, unless restrained, would spread said tax on the tax rolls of said county, and the same would thereby become a cloud on plaintiff's title, etc. On a full hearing at the trial, with both parties represented by counsel, the district court of Kingfisher county granted the prayer of said plaintiff, and issued a permanent injunction against the county clerk, enjoining the entering and spreading of said assessment on the tax rolls against said lots. From this decree of the district court no appeal was ever prosecuted, and said judgment thereby became final. The matter rested thus until October 23, 1909, when the town of Hennessey filed this action in mandamus in the district court of said county, and sought thereby to compel the plaintiff in error, as county clerk of Kingfisher county, to extend the said tax, with additional costs, on the tax rolls of said county. The application for the writ of mandamus shows that on April 2, 1908, the trustees of said town of Hennessey passed Ordinance No. 134, which purports to levy a special tax on said lots, and recites, among other things, that on March 22, 1908, the town marshal of said town returned a tax bill against said lots in compliance with Ordinance No. 73; that the owners of said lots are nonresidents, and that no agent could be found in Kingfisher county; and that the costs of constructing such sidewalk should be assessed to said lots and made a lien thereon, together with the additional costs made by the town in attempting to correct the special tax proceedings which had been enjoined. The special

Woodworth, County Clerk, v. Town of Hennessey.

tax bill mentioned appears to have been issued on March 22, 1908, and recites the old assessment made January 14, 1903, together with the costs of labor and material, and sets out the amount the owner was required to pay, and that, if not paid within ten days from service of the notice, a tax warrant would issue therefor, or, in lieu thereof, the tax would be certified to the county clerk, with request to spread the same upon the tax rolls of the county to be collected as other taxes. The application for the writ of mandamus shows on its face that the sidewalk constructed in front and along said lots was of a different size and character than that required by the ordinance under which this sidewalk was constructed. The defendant answered, and alleged that he was the county clerk of Kingfisher county and the successor of J. E. Burns, who was county clerk of said county in 1904 and defendant in a cause then pending in the district court of said county wherein Pabst Brewing Company was plaintiff and said Burns, as county clerk, was defendant, and, in addition, pleaded the entire record of said cause, including the petition, answer, and judgment, and further alleged that the identical questions raised in the mandamus suit had been at issue and were decided by the court in the former cause, and that, therefore, the same had become *res adjudicata,* and could not be further inquired into. The cause came on for trial and on final hearing a peremptory writ was awarded and the county clerk required to extend the tax as prayed for. From this judgment the clerk appeals.

Counsel for plaintiff in error assigns two specifications of error in his petition in error and also urges them in his brief, and which are, first, all the questions involved in this proceeding were fully and finally determined in the action of the Pabst Brewing Company against J. E. Burns as county clerk, No. 2934, in the district court of Kingfisher county, and which proceedings were pleaded and proved, and in no manner denied by the town of Hennessey at the trial of this case; and, second, all the proceedings taken to levy this special assessment are in direct contravention of the Constitutions of Oklahoma and the United States, both of which prohibit the taking of property without due process of law.

We think the first contention of plaintiff in error is well taken. In the case of Pabst Brewing Co. v. Burns, as county clerk, the record before us affirmatively shows that the identical questions attempted to be litigated in the case at bar were raised and litigated therein. To be sure, the town of Hennessey was not a nominal party to that suit, yet it will not be denied that it was the real party in interest, and was bound by the judgment entered in that case. On the pretense of correcting the errors made in the first attempt, the town makes this second attempt, and claims, as authority therefor, the provisions of section 860, Comp. Laws 1909, which does provide that, "in case any error or irregularity should occur in *levying* or *collecting* any such tax, proceedings may be taken anew so as to obviate any such error or irregularity." But the record fails to disclose any error or irregularity in the levying or collecting of the tax which has been corrected. The last proceeding changes nothing but the amount charged against the lots due to added subsequent costs. The dimensions of the sidewalk was one of the questions litigated in the injunction case. The same question was presented in this case. This is the only error attempted to be corrected by the subsequent proceedings. This was not an attempt to correct the levying or collecting of the assessment. Defendant in error seems to think that it could correct the proceedings in the assessment, and escape the bar of the former judgment. But an examination of the record shows irregularities and defects, both in the proceedings and in the actual construction of the sidewalk, that are incapable of correction. The defect in construction was such that no act or new proceedings could rectify the error. It was a wholly different character of walk than that required by the ordinance. At any rate, these questions were all litigated in the former case, which decided adversely to the claims of the defendant in error, and whether right or wrong cannot be inquired into now, inasmuch as said judgment was never questioned by way of appeal or otherwise.

"The whole philosophy of the doctrine of *res adjudicata* is summed up in the simple statement that a matter once decided is finally decided, and all the learning that has been bestowed,

and all the rules that have been laid down, have been for the purpose of enforcing that one proposition. One rule fully established is that you may examine the entire record of the prior action in order to determine what was, in fact, adjudicated. The inquiry is not limited to the mere formal judgment. It extends to pleadings, the verdict, or the findings, and the scope and meaning of the judgment, and is often interpreted by the pleadings, verdict, or finding." (*Hoisington v. Bradley*, 31 Kan. 563, 3 Pac. 355.)

It is not contended by counsel for the defendant in error that this is another or different tax than that first levied, except that the amount is larger, caused by the subsequent proceedings of the town to correct the original procedure relative to the construction of the sidewalk. It is, in fact, admitted that the identical questions were under consideration of the court in the injunction case above alluded to in 1904. In that case the town of Hennessey, while not the nominal party defendant, was nevertheless, in fact, the real party in interest. The county clerk, who was the nominal defendant in that case, was acting for and in behalf of the town of Hennessey, but, even though he had not acted as the agent of the town of Hennessey, the decision of the court would be binding upon the parties to the present action. Our Supreme Court has held that, even though the parties to the present suit were not in adversary positions in the former case, that fact will not deprive the judgment of its force and effect. In the *City of El Reno v. Cleveland Trinidad Paving Co.*, 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650, it is said:

"The fact that the parties plaintiff in error and defendant in error in the instant case were not placed in adversary positions as parties in the former case will not deprive the final judgment therein of its force and effect when pleaded as an estoppel to the instant case, provided they were all proper parties to the first case, and the questions now raised were or could have been as fully asserted and maintained in the former suit as this."

In *Hanna v. Reed*, 102 Ill. 596, 40 Am. Rep. 608, it is said:

"Where the former adjudication is relied on as an answer and bar to the whole cause of action, or, in other words, where

it is claimed to be an answer to all the questions involved in the subsequent action, then it must appear * * * that the cause of action and thing sought to be recovered are the same in both suits. The former adjudication in cases of this class is technically known as an estoppel by judgment; * * * *but where some specific fact or question has been adjudicated and determined in a former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties, its determination in the former suit, if properly presented and relied on, will be held conclusive upon the parties in the latter suit, without regard to whether the cause of action is the same in both suits or not.* This species of estoppel is known to the law as an estoppel by verdict and is equally available to a plaintiff in support of his action, when the circumstances warrant it, as when offered by a defendant as a matter of defense." (Italics ours.)

See, also, in support of this doctrine, *Potter v. Clapp,* 203 Ill. 592, 68 N. E. 81, 96 Am. St. Rep. 322; *Brack v. Boyd,* 211 Ill. 290, 71 N. E. 995, 103 Am. St. Rep. 200; *Merrifield v. Canal Com'rs,* 212 Ill. 456, 72 N. E. 405, 587, 67 L. R. A. 369.

In *Chicago Title & Trust Co. v. Moody,* 233 Ill. 634, 84 N. E. 656, it is said:

"It has been repeatedly held by this court that where some controlling fact or question material to the determination of a case has been adjudicated in a former suit, and the same fact or question is again at issue between the same parties, the former adjudication will, if properly presented, be controlling of the question in the latter suit, irrespective of whether the cause of action in both cases is the same or not."

In 23 Cyc. 1215, the rule is laid down as follows:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

This rule is supported by authorities from almost every state in the Union.

In *Pratt v. Ratliff,* 10 Okla. 168, 61 Pac. 523, the Territorial Supreme Court, in discussing this identical question, made use of the following language:

"A judgment is a bar, if the cause of action be the same, though the former be different. The cause is the same when the same evidence will support both actions; or rather the judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former; and, when a matter has once passed to final judgment, without fraud or collusion in a court of competent jurisdiction, it has become *res adjudicata,* and the same matter between the same parties cannot be reopened or subsequently considered."

Applying the above principle to the case under consideration, we find that the evidence used to obtain the judgment in the injunction case tried in 1904 is identical with the evidence used in the case under consideration, and that the parties to the former case are, to all intents and purposes, the parties in the latter, so far as the real parties in interest are concerned, and that the judgment in the injunction case, which was obtained without fraud or collusion in a court of competent jurisdiction, became *res judicata* to the issues raised by the pleadings in the action for mandamus. This doctrine is supported by so many authorities that it is almost unnecessary to cite others than those heretofore given.

"A judgment is conclusive of all matters actually litigated, and as to all matters that might under the pleadings have been litigated. A judgment by default is attended by the same legal consequences as if there had been a verdict for the plaintiff. We think that the record must be held to include an adjudication that the tax deeds were invalid, and for this purpose it was admissible, although the board of county commissioners of Marion county was not a party to it." (*Commissioners of Marion County v. Welch,* 40 Kan. 770, 20 Pac. 484.)

In *Aurora City v. West,* 7 Wall. 82, 19 L. Ed. 42, it was said by the Supreme Court of the United States:

"The doctrine of estoppel by a former judgment between the same parties is one of the most beneficial principles of our

jurisprudence, and has been less affected by legislation than almost any other."

In *Gray v. Pingry,* 17 Vt. 419, 44 Am. Dec. 345, it is said:

"There must be some end to litigation, and much more injustice might be done in reviewing forgotten issues, than in limiting the right to prosecute."

While in *Van Renselaer v. Kearney,* 11 How. 297, 13 L. Ed. 703, the Supreme Court of the United States said:

"The doctrine of *res judicata* is conducive of peace, repose, and morality, and that without working any injustice."

The Supreme Court of New Hampshire, in the case of *Hollister v. Abbott,* 31 N. H. 442, 64 Am. Dec. 342, said:

"It is a well-established principle that the judgment of a court of record, having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in every other court, until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceedings may be erroneous, yet, as between the parties, the judgment must stand until regularly vacated or reversed. Where a court has jurisdiction, it has a right to decide every question which arises in the cause; and, whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correctness of a judgment which has been rendered between them in a court having jurisdiction of them and of the subject-matter. The only way for them to investigate such a judgment is by legal and direct mode; for to the extent to which the judgment goes their rights have been considered and decided, and they have submitted to that decision, either from the force of law after a final hearing by a court of last resort, or from a disinclination to pursue the matter further, when other courses of procedure for rehearings were open before them, and might have been, if they had so elected."

In *Territory ex rel. Jones v. Hopkins,* 9 Okla. 149, 59 Pac. 980, the court, in discussing this identical question, said:

"The court (meaning thereby the trial court) having determined the validity of the bonds involved in this proceeding, and having decreed that they are valid obligations, and issued in strict conformity with the laws of this territory, and no objections or exceptions having been made to the issuance thereof, and no appeal having been taken therefrom, the decree and judg-

ment of the court is, therefore, final and conclusive upon all matters put directly in issue, tried and determined in that proceeding."

In *Southern Pacific Railway Company v. United States,* 168 U. S. 24, 18 Sup. Ct. 27 (42 L. Ed. 355) Mr. Justice Harlan, in a very exhaustive and satisfactory opinion, announces the following rule:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This very rule is demanded by the very object for which civil suits have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

In this case the only evidence introduced by the town of Hennessey was the ordinances and town records showing the acts performed in the attempt to charge these lots with the tax, and the only evidence offered by plaintiff in error was the record of the injunction case, including the petition, answer, judgment, etc. From these records it plainly and conclusively appears that the issues raised were presented to and passed upon by the court in the injunction case. We are convinced that these questions had become *res judicata* by virtue of the former judgment. Therefore the other questions raised by plaintiff in error do not require consideration at our hands, and, having reached this conclusion, it therefore necessarily follows that the judgment of the district court of Kingfisher county should be reversed.

By the Court: It is so ordered.