## McDUFFIE v. GEISER MFG. CO. *et al.*

No. 3004.    Opinion Filed November 18, 1913.

Rehearing Denied February 28, 1914.

(138 Pac. 1029.)

1.  **JUDGMENT—Res Judicata—What Constitutes.** A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

2.  **SAME—Basis of Estoppel.** The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, has there been such determination? and not, upon what evidence or by what means was it reached?

3.  **SAME—Extent of Estoppel.** The inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, the verdict or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict, or findings.

4.  **SAME—Determination of Jurisdiction.** The question of jurisdiction over the defendant Geiser Manufacturing Company was by said defendant directly put in issue by its motion to vacate and set aside the former judgment of December 9, 1907. A hearing thereon being had, the motion was overruled, and the court's judgment became final. **Held,** in a subsequent trial between the same parties, concerning the same subject-matter, that the judgment so rendered was conclusive upon said defendant, and that the question of jurisdiction could not again be considered, though grounds therefor existed that were not before, but could have been, urged.

(Syllabus by Sharp, C.)

*Error from District Court, Alfalfa County;*
*James B. Cullison, Judge.*

Mortgage foreclosure proceedings, brought by the Geiser Manufacturing Company against D. Puffinbarger and Rilla Puffinbarger, and to declare plaintiff's mortgage prior and paramount to the interest or claim of the defendant McDuffie. Judgment for plaintiff, and defendant McDuffie brings error. Reversed.

*Titus & Carpenter,* for plaintiff in error.

*Burford & Burford,* for defendants in error.

Opinion by SHARP, C.   On the 15th day of March, 1906, the Union Central Life Insurance Company instituted an action in the district court of Woods county, Oklahoma Territory, in which Andrew J. Williams, Tallie Williams, D. Puffinbarger, Rilla Puffinbarger, the Geiser Manufacturing Company, G. J. McDuffie, Jacob G. Winne, and Scott E. Winne, partners as Winne & Winne, were named as defendants.   The action was to foreclose a mortgage on a tract of land, situated in said county, given to secure a note executed to the plaintiff by defendants Williams and wife.   In the petition it was charged that the remaining defendants had, or claimed to have, some interest in the mortgaged premises, which it was asserted were junior and inferior to plaintiff's said mortgage.   The defendant McDuffie filed therein his answer and cross-petition, and asked to have foreclosed a mortgage on said lands, executed to him by his co-defendants, D. Puffinbarger and Rilla Puffinbarger, admitting in his said cross-petition the priority of the mortgages held by the Union Central Life Insurance Company and Winne & Winne, and in which it was asked that the pretended claims or liens of Williams and wife and the Geiser Manufacturing Company be extinguished and held for naught, and they forever barred of any right, title, or interest in and to said premises.   The defendant Geiser Manufacturing Company, being a nonresident, was not served with summons, but an attempt was made to obtain service by publication.   No appearance was entered by said defendant, and on the 9th day of December, 1907, the case coming regularly on for trial, judgment was rendered in behalf of the plaintiff Union Central Life Insurance Company foreclosing its mortgage, and also foreclosing the mortgages held by Winne & Winne and McDuffie, and the latter being found to be inferior only to that of the plaintiff therein and the defendant Winne & Winne; the court further finding that the Geiser Manufacturing Com-

pany, although duly and legally summoned to appear, was in default, and, it was determined, had no interest or claim in or to the premises sought to be foreclosed.

The present action was filed in the district court of Alfalfa county on the 30th day of June, 1909, and the Puffinbargers, McDuffie, the Union Central Life Insurance Company, and Y. G. Patterson were made parties defendant, though no summons was ever served on the two defendants last named. Plaintiff's action was brought to foreclose a certain alleged mortgage, executed to it by the Puffinbargers, on the same land involved in the original foreclosure suit, brought in the district court of Woods county, by the Union Central Life Insurance Company. In its petition it asks to have its mortgage declared superior and paramount to any interest, lien, or claim of the defendant McDuffie.

On February 11, 1910, the defendant Geiser Manufacturing Company filed in the district court of Woods county its motion to vacate and set aside the judgment rendered against it on December 9, 1907, as well as to the sheriff's deed and the decree of confirmation, subsequently made and entered in said action. On the 6th day of May, 1910, said motion was overruled. No appeal from this order was ever prosecuted, nor was any further attempt made in said original proceedings to vacate or set aside the original judgment.

On the 10th day of March, 1911, in the present action, judgment was rendered, foreclosing the mortgage of the Geiser Manufacturing Company, and decreeing that the defendant McDuffie was without right, title, or interest in and to said lands, senior and superior to plaintiff's right, except as assignee of the Union Central Life Insurance Company and Winne & Winne. This, presumably, from the fact that McDuffie had purchased the land at the foreclosure sale held in Woods county, and that said last-named mortgagees had received, on account thereof, the full amount of their claims.

In the motion to vacate and set aside the judgment filed in the district court of Woods county, the defendant in error Geiser Manufacturing Company charged that the pretended service by publication against it was null and void, and of no effect, for the

reason that no sufficient affidavit, upon which to base service by publication, was at any time filed in the original case prior to the rendition of judgment therein barring and foreclosing it of its right, title, and interest in and to the premises in question; that no other service of summons was made or attempted, and no appearance entered by it in said proceedings. To the present action defendant McDuffie answered, pleading, in bar of plaintiff's right to prosecute its action, the judgment rendered by the district court of Woods county on May 6, 1910, overruling and denying the motion of the Geiser Manufacturing Company to vacate and set aside the judgment theretofore rendered against it in that court. The amended answer sets out *in extenso* the pleadings, judgment, motion, and final judgment overruling motion, as tending to show the former adverse adjudication of plaintiff's claim. The plaintiff filed both an original and an amended reply, but in neither of them was issue taken with the defendant's allegation of what occurred in the district court of Woods county. In both the original and amended replies it was contended that the judgment rendered against it by the district court of Woods county was void and of no force or effect, by reason of the fact that the publication notice was based upon an insufficient, defective, and void affidavit, and that at no time had it any knowledge of the pendency of the original action, and by reason thereof the judgment rendered against it was a nullity.

The land sought to be foreclosed by the several mortgagees was situated in that part of Woods county which, upon the advent of statehood, became a part of Alfalfa county (section 326b, Williams' Ann. Const. Okla.). The action, being one pending in a district court of Oklahoma Territory, at the time said territory became a part of the state of Oklahoma, and not being transferred to the United States court, was properly proceeded with, held, and determined by the district court of Woods county. Section 3, Amendment to Enabling Act (chapter 2911, 34 St. at L. 1287) ; section 27, art. 25, Constitution.

It is contended by plaintiff in error: (1) That, regardless of the sufficiency in the first instance of the affidavit upon which

the publication notice was based, the Geiser Manufacturing Company, by filing its motion to vacate and set aside the judgment, sheriff's sale, and decree of confirmation, thereby entered its appearance and validated all previous proceedings had in said action; (2) that whether or not the said motion was general or special, it having been decided adversely to defendant in error, and no appeal therefrom prosecuted, the judgment of the district court of Woods county was final and could not subsequently be collaterally attacked in the Alfalfa county district court. The first question presented has often been before this court, and many of the authorities are reviewed in *Ziska v. Avey et al.*, 36 Okla. 405, 122 Pac. 722.

But we deem it unnecessary to determine whether the motion in the instant case was properly confined to the question of jurisdiction, for it is our opinion, as we shall presently see, that the judgment of the district court of Woods county, being properly pleaded in bar, was *res judicata* to the action brought and then pending by the Geiser Manufacturing Company to foreclose its mortgage in the district court of Alfalfa county. To meet the plea of *res judicata*, it is urged by counsel for defendant in error that the district court of Woods county, in passing upon its motion to vacate the original judgment rendered against it, was not required to determine the validity of the affidavit for publication, as against a party shown to be a foreign corporation, having a regularly appointed resident agent, but that it was only required to determine whether the affidavit, upon which the publication notice was based, was good upon its face, and that in fact the court could not tell from the pleadings of either party whether the Geiser Manufacturing Company was a corporation, and therefore that the corporate existence of the manufacturing company, its appointment of an agent, or its domicile, were not in issue there, and were not determined. True, the motion to vacate and set aside the judgment does not appear to be predicated upon the particular objection that the affidavit for service by publication did not charge that defendant corporation had failed to comply with the statutory requirements, permitting it to do business in the territory of Oklahoma,

including the designation of an agent upon whom service of summons might be had, as was held mandatory by this court in *Nicoll et ux. v. Midland Savings & Loan Co.,* 21 Okla. 591, 96 Pac. 744, and in the cases cited therein. But counsel are incorrect in saying that the court could not, from the pleadings of either party, tell whether the Geiser Manufacturing Company was a corporation, as in the original petition of the Union Central Life Insurance Company it was charged that said defendant was a corporation, as did also the defendant's own motion to vacate and set aside the judgment, while the affidavit for publication charged that said defendant resided outside of the territory of Oklahoma, and that plaintiff was unable with due diligence to make service upon it in the territory of Oklahoma. True the allegations of the petition and the motion to vacate the judgment cannot properly be taken into account in aid of the affidavit for publication, though they may be considered for the purpose of showing what was before the court at the time it denied defendant in error's motion, as in such cases we may look, not alone to the judgment, but to the pleadings and other records. *Woodworth v. Town of Hennessey,* 32 Okla. 267, 122 Pac. 224; *Hoisington v. Brakey,* 31 Kan. 563, 3 Pac. 355. If the issue that the Geiser Manufacturing Company was a nonresident corporation, and had not complied with the laws of the territory with regard to the appointment of a resident agent, was a fact, it was one known to the corporation itself, and would have furnished a good and sufficient reason in law for vacating the judgment, either by the trial court or, if the movant was unsuccessful there, in this court. The question determined by the district court of Woods county was that it had acquired jurisdiction over the Geiser Manufacturing Company, and, although seemingly the court was in error in denying the relief, yet, no appeal having been prosecuted, nor further effort made in that court to be relieved of the adverse judgment, the district court of Alfalfa county could not permit such judgment to be collaterally attacked at a subsequent trial.

The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is,

has there been such determination? and not, upon what evidence or by what means was it reached? The facts conferring jurisdiction upon the Woods county district court had been judicially determined, and it is immaterial that reasons may have existed why this adjudication should not have been made as made, as the controversy was determined.

The leading case upon the question of to what extent a former adjudication may be pleaded in bar is that of *Cromwell v. Sac County*, 94 U. S. 351, 24 L. Ed. 195, where Mr. Justice Field laid down the following rule, which has been consistently adhered to by that court:

"In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a. difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever."

*Fayerweather v. Ritch,* 196 U. S. 275, 25 Sup. Ct. 58, 49 L. Ed. 193, 210; *Virginia-Carolina Chemical Co. v. Kervin,* 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179. If, then, a judgment is conclusive, not only of every ground of recovery or defense actually presented in the action, but also every ground which might have been presented, it cannot be said that defendant in error is not precluded by the former judgment. It had elected its forum, chosen its ground of attack, and the facts pertaining to its having appointed an agent were within its own knowledge. It should have tendered the issue that, as a nonresident corporation having a resident agent, service by publication could in no event be had upon it. It chose, however, to litigate the question of jurisdiction over it upon other grounds, and for other reasons, notwithstanding the primary question involved in both courts at all times was that of jurisdiction.

The question presented is not a new one in this court. In *Woodworth v. Town of Hennessey, supra,* we said:

"A fact or question which is actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

It was also said, quoting from *Commissioners of Marion County v. Welch,* 40 Kan. 770, 20 Pac. 484:

"A judgment is conclusive of all matters actually litigated, and as to all matters that might, under the pleadings, have been litigated."

In *City of El Reno et al. v. Cleveland-Trinidad Paving Co.,* 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650, it was held that all questions that were or could have been litigated at that time, by the plaintiff in a former action, or any other property owner of the same class, affecting the validity of the proceedings of the city authorities, or of the contract predicated thereon, must of necessity be *res judicata.* Both opinions review

many authorities, and are in full harmony with our conclusions here. The same rule is announced in *Engle et al. v. Legg,* 39 Okla. 475, 135 Pac. 1058, wherein it is said:

"The judgment in a former action, involving the same subject-matter, is conclusive, not only as to defenses which were permitted in such action, but also as to all defenses which might have been but were not presented."

Other Oklahoma cases are *Territory ex rel. Jones, County Attorney, v. Hopkins,* 9 Okla. 149, 59 Pac. 980; *Pratt v. Ratliff,* 10 Okla. 168, 61 Pac. 523; *Pettis et ux. v. McClain et al.,* 21 Okla. 521, 98 Pac. 927.

The issue of jurisdiction, having been submitted and finally determined, cannot again be opened up on account of some new ground, tardily urged, and which might have been presented at the original trial. There must be some end to litigation.

As was said in *Aurora City v. West,* 7 Wall. 82, 19 L. Ed. 42:

"The doctrine of estoppel by former judgment between the same parties is one of the most beneficial principles of our jurisprudence, and has been less affected by legislation than almost any other."

The sale made by the sheriff of Woods county, the order of confirmation, and the sheriff's deed, made to plaintiff in error, were void under authority of *Farmers' State Bank of Ingersol v. Wilson et al.,* 34 Okla. 755, 127 Pac. 395, and no affirmative relief can here be granted the plaintiff in error, as prayed for both in the lower court and here.

For the reasons given, plaintiff below was entitled to no relief, and the judgment of the trial court should be reversed.

By the Court: It is so ordered.