## COMANCHE ICE & FUEL CO. v. BINDER & HILLERY.

No. 8333—Opinion Filed Dec. 11, 1917.

Rehearing Denied May 7, 1918.

(172 Pac. 629.)

### 1. Judgment—Res Judicata.

A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

### 2. Same.

When a matter has once passed to final judgment, without fraud or collusion, in a court of competent jurisdiction, it has become res judicata, and the same matter between the same parties or their privies cannot be reopened or subsequently considered.

(Syllabus by Galbraith, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Motion by the Comanche Ice & Fuel Company against Binder & Hillery to vacate a judgment. Judgment for defendant, and plaintiff brings error. Affirmed.

H. B. Lockett, for plaintiff in error.

H. W. Sitton, for defendant in error.

Opinion by GALBRAITH, C. On the 12th day of July, 1915, the plaintiff in error presented a motion to vacate a judgment rendered upon default on the 15th day of November, 1909, establishing a lien in favor of Binder & Hillery, on lots 1, 2, and 3, block 107, of the town of Comanche, Stephens county, Okla., for certain material sold and delivered to the Comanche Ice & Cold Storage Company, in the erection of certain improvements upon said property, and ordering the property sold to satisfy said lien. The motion alleged that the Comanche Ice & Fuel Company was a corporation duly organized under the laws of Oklahoma, and was the owner and in peaceful possession of the property above described: that on May 13, 1908, the defendants, Binder & Hillery, commenced an action against the Comanche Ice & Cold Storage Company to establish a lien and to foreclose the same for certain materials alleged to have been sold and used in the erection of improvements on said property; that at that time the said Comanche Ice & Cold Storage Company did

not own the property or any interest therein, and did not make any appearance in said action; that on November 15, 1909, a decree was entered in said cause on default, establishing a lien as prayed in the petition and ordering the sale of the property to satisfy the same, and that the plaintiffs in said cause are seeking to enforce the decree rendered therein, and are threatening to have an order of sale issued thereon, and will do so unless restrained from so doing by the order of court, etc., and that said decree, so far as it undertook to establish a lien and to foreclose the same, was void, first, because "no sufficient service was ever had upon the defendants in said action to authorize a default judgment: second, that the petition filed by plaintiffs in said action and upon which decree was based, and the only petition ever filed in said cause, did not state facts sufficient to authorize the court to find any lien or to order the sale of said property, or to affect the title or possession in any manner." The prayer was that the sale be restrained, and on final hearing that the judgment be vacated.

On the hearing of the motion the movant offered in evidence the petition filed May 13, 1908, by Binder & Hillery in the action to establish their lien, and the decree rendered in that action, and rested. The defendants in error offered in evidence a copy of the petition in the case of Geo. W. Works against W. M. Cates, sheriff of Stephens county, and Wm. Binder and R. H. Hillery, partners. Binder & Hillery filed in the district court of Stephens county July 23, 1910, and resulting in the judgment of November 11, 1910, sustaining a demurrer to such petition. In this petition Works alleged that he was the owner of the property above described, and that he purchased the same for $13,500 at the foreclosure sale under the decree of the district court of Stephens county rendered upon the trust deed executed by the Comanche Ice & Cold Storage Company in August, 1907, conveying the property above described to the trustee for the benefit of all of its creditors, and that this trust deed was foreclosed and the sale made in May, 1908, and that the defendants, Binder & Hillery, had caused an order of sale to be issued upon their judgment rendered in November, 1909, against the Comanche Ice & Cold Storage Company, and had placed the order in the hands of the sheriff of Comanche county for execution, and that he had seized the property and advertised it for sale, and would do so unless restrained by the order of the court; that the judg-

ment of November, 1909, upon which the order of sale was issued, was void for the reason that the materials for which the same was rendered were not necessary and were not used in the construction and erection of the building upon said property and because said suit was not brought within the time prescribed by the statute, and a restraining order was asked against the sheriff and against Binder & Hillery from making the sale, or any attempt to enforce said judgment. Binder & Hillery appeared and filed a general denial on November 10, 1910. On November 11, 1910, the cause came on for hearing upon a demurrer to the petition. This demurrer was sustained, and the temporary restraining order heretofore granted in said cause was dissolved, and the cost of action assessed against the plaintiff. The demurrer is not in the record. We infer, however, that all of the defendants joined therein, as the journal entry of the judgment recites that the case was disposed of on the demurrer. Although an exception was saved and notice of appeal given, it does not appear that the appeal was perfected, and therefore that judgment sustaining the demurrer became final.

On the 26th day of November, 1915, the motion to vacate the instant case came on for hearing, and the journal entry of the judgment rendered thereon, after reciting the appearance of counsel, proceeds:

"Thereupon the Comanche Ice & Fuel Company offered in evidence a petition filed in this action and offered in evidence a decree of this court, whereupon the attorney for plaintiff to save introduction of evidence of undisputed facts admitted that the only matters in dispute were the sufficiency of the plaintiff's petition filed in this action to justify the rendition of the decree complained of, and whether the issues involved in this motion had not been barred by another judgment rendered concerning the same matter, and that the petition offered by the Comanche Ice & Fuel Company was the only petition filed by the plaintiff in this action and the only one filed and was the one upon which said decree was rendered, and that the decree offered was the decree sought to be vacated and was the only decree rendered in said action, and that the same had been rendered in plaintiff's favor and the plaintiffs were seeking to enforce the same against said property. Plaintiff then offered in evidence the decree heretofore rendered in the case of Works v. Cates. Upon the testimony offered and the admissions of parties the court finds that the Comanche Ice & Fuel Company are the owners of said lots subject to said decree; that the said petition states facts sufficient to sustain the decree fixing,

finding, and foreclosing a mechanic's lien on the property described in said motion and charging the same with the payment of said judgment. It is therefore ordered that said motion be and the same is hereby overruled, to which said Comanche Ice & Fuel Company excepts."

A consideration of this record convinces us that the trial court rendered the correct judgment, although we are inclined to think that he gave the wrong reason for it, inasmuch as the sufficiency of the petition to sustain the decree in favor of Binder & Hillery rendered on November 15, 1909, was in issue and directly passed upon by the same court, resulting in the judgment of November 11, 1910. The grounds upon which the judgment of November 15, 1909, was attacked were that the judgment was void because the facts set out in the petition were not sufficient to authorize the judgment. That decree has not been appealed from, and therefore became final. Although the Comanche Ice & Fuel Company was not a party to that suit, it is a privy in interest, being a successor in title and is bound by that decree, and the contention of the defendants in error that the decree was res adjudicata in this action was good and should have been sustained. In Pratt v. Ratliff, 10 Okla. 168, 61 Pac. 523, it is held:

"A judgment is a bar if the cause of action be the same, though the form be different. The cause is the same when the same evidence will support both actions; or rather, the judgment in the former action will be a bar provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former. When a matter has once passed to final judgment without fraud or collusion, in a court of competent jurisdiction, it has become res judicata, and the same matter, between the same parties, cannot be reopened or subsequently considered."

In Woodworth v. Town of Hennessey, 32 Okla. 267, 122 Pac. 224, is is held:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action." See Earl v. Earl et al., 48 Okla. 442, 149 Pac. 1179; Prince v. Gosnell, 47 Okla. 570, 149 Pac. 1162.

The Comanche Ice & Fuel Company was a successor in title to Works, who had succeeded to the title of the Comanche Ice & Cold Storage Company. The title passed subject to and burdened with the lien established by the final judgment of November 15, 1909. The regularity of that judgment was brought in question by the action commenced in 1910, resulting in the judgment of November 11, 1910, which was not appealed from and therefore became final.

It therefore appears that the judgment appealed from should be affirmed .

By the Court: It is so ordered.