## MILLER v. GORMAN.

No. 11035—Opinion Filed Feb. 13, 1923.

(Syllabus.)

**1. Judgment—Conclusiveness.**

A fact or question which was directly in issue in a former action between the same parties and was judicially determined by a court of competent jurisdiction is conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between the same parties or their privies in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

**2. Landlord and Tenant—Damages for Tenant Holding Over.**

Under section 2881, Rev. Laws 1910, the measure of damages recoverable by a landlord from a tenant for willfully holding over real property by such tenant after the end of his term, and after notice to quit has been duly given and demand for possession made, is double the yearly value of the property for the time the same is withheld, in addition to compensation for the detriment occasioned thereby.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by M. Gorman against J. M. Miller for damages for holding over real property. Judgment for plaintiff, and defendant appeals. Affirmed.

I. R. Mason, for plaintiff in error.

Sam H. Butler and Brown, Brown & Williams, for defendant in error.

NICHOLSON, J. This was an action by M. Gorman, as plaintiff, against J. M. Miller, as defendant, to recover double the rental value of certain real property, which it was alleged Miller willfully held over after the end of his term. For convenience the parties will be hereafter referred to as they appeared in the trial court.

It appears that the defendant had been for several years, occupying certain real estate in Ardmore as the tenant of the plaintiff; that in June, 1917, the plaintiff brought an action of unlawful detainer against the defendant before a justice of the peace in Ardmore, in which action judgment was rendered for the defendant. The plaintiff appealed the case to the county court of Carter county, where a trial was had on October 12, 1917, resulting in a verdict and judgment for the plaintiff for the possession of the property. No appeal was taken from this judgment and the same became final. The defendant continued to retain posses-

sion of the property until December 27, 1917, when he was removed therefrom by the sheriff under a writ or restitution. Thereupon the plaintiff instituted this action to recover double the rental value of the property, basing his cause of action upon section 2881, Rev. Laws 1910, which reads as follows:

"For willfully holding over real property by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby."

A trial resulted in a verdict for the plaintiff for the sum of $858.02, upon which judgment was duly rendered, to review which the defendant has appealed, and argues that the plaintiff could not maintain this action because the evidence shows that the only notices to quit given by the plaintiff were a notice given about the first of the year 1917, and a written notice given before the unlawful detainer action was filed, whereas, in order to terminate the tenancy it was incumbent upon the plaintiff to give the 30 days' notice required by section 3786, Rev. Laws 1910; and that the plaintiff by accepting from the defendant the rents from the time he gave the notice to quit, until the date of the judgment in the county court, again created the relation of landlord and tenant, and the plaintiff thereby waived all right to proceed with the action in the county court; and further contends that plaintiff based his right of recovery upon the judgment rendered in the county court, and having failed to allege the giving of the statutory notice demanding possession of the premises in controversy, the trial court erred in overruling the defendant's demurrer to the petition.

The questions of the sufficiency of the notices given and of whether or not the receipt of rents, after giving the notices up to the time of the trial of the unlawful detainer action, waived the right to proceed with said action, were matters of defense which were, or should have been, litigated in the unlawful detainer action. These questions were necessarily involved in that action, and cannot again be litigated here. The judgment of the county court in that action is conclusive between the parties. Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099; Norton v. Kelly, 57 Okla. 222, 156 Pac. 1164; Ely-Walker Dry Goods Co. v. Smith, 69 Oklahoma, 160 Pac. 898; Deming Inv. Co. v. Shannon, 62 Okla. 277, 162 Pac. 471; Co-

manche Ice & Fuel Co. v. Binder, 70 Oklahoma, 172 Pac. 629.

In his petition the plaintiff pleaded the aforesaid judgment which found the defendant guilty of unlawfully detaining possession of the property involved. There is no allegation in the petition indicating that the relation of landlord and tenant had again been created, or that the plaintiff recognized the defendant as his tenant after the rendition of said judgment. It was not necessary to give the defendant notice to quit after the judgment; the tenancy had already been terminated and the plaintiff was entitled to the possession of the property. The court did not err in overruling the demurrer to the petition.

The defendant next complains of the action of the trial court in refusing to give to the jury certain instructions requested by him and numbered 1, 4 and 7.

By instruction No. 1, the court was asked to instruct the jury that the measure of damages in the case was the reasonable rental value of the property for the time said defendant remained in possession and did not pay rent. This instruction did not correctly state the law, and the court properly refused to give it. Under the provisions of section 2881, Rev. Laws 1910, the measure of plaintiff's damages was double the yearly value of the property for the time of withholding possession by the defendant, in addition to compensation for the detriment occasioned thereby. Meyer et al. v. White, 79 Okla. 257, 192 Pac. 801.

Instruction No. 4 was to the effect that the acceptance by plaintiff of sums in payment of rent for June, July, and August, 1917, was an abandonment of his cause of action as brought on June 6, 1917, in the justice court, and an acknowledgment of the relation of landlord and tenant subsequent to the time the defendant was alleged to have unlawfully detained the property; and that the judgment rendered on October 12, 1917, was without force or effect in so far as it affects the merits of this case; and that the measure of damages could only be the reasonable rental value of the premises from September 1st to December 27, 1917. This instruction was erroneous for the reasons heretofore stated, and the court did not err in refusing it.

Instruction No. 7 went to the measure of damages and was erroneous in that by it the court was requested to instruct the jury that the measure of damages was an amount equal to the fair rental value of the premises from September 1st to December 27, 1917. This instruction was properly refused.

No complaint is made of the instructions given by the court, and as the verdict of the jury is reasonably supported by the evidence, such verdict and the judgment rendered thereon will not be disturbed by this court.

Finding no reversible error in the record, the judgment is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, COCHRAN, and BRANSON, JJ., concur.