## RAVENSCRAFT v. SUMNER COAL MINING CO.

No. 14721—Opinion Filed March 18, 1924.

Rehearing Denied June 24, 1924.

### Judgment—Motions—Matters Concluded by Ruling—Receivers.

Where defendants file their joint motion to vacate, an order appointing a receiver, which motion is determined adversely to the movants, and is unappealed from, such judgment of the court becomes final as to all questions raised or which could or should have been raised therein, and it is not error of the court to strike from the files a separate motion of one of the joint movants, which separate motion presents no question of law or fact not determined in the former judgment or which could not have been presented for the court's consideration.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by Sumner Coal Mining Company against Caroline Ravenscraft and others. From the judgment, the above named defendant appeals. Affirmed.

Wm. H. Thompson, E. G. Wilson, and W. F. Thompson, for plaintiff in error.

Robson & Robson and Charles H. Garrett, for defendant in error.

Opinion by RUTH, C. This cause is brought to this court by the plaintiff in error, Caroline Ravenscraft, one of the defendants below, who appeals from an order of the district court of Rogers county, striking from the files her motion to discharge a receiver appointed by the court upon the application of the defendant in error, Sumner Coal Mining Company, plaintiff below, and for convenience the parties will be designated as they appeared in the trial court.

It appears from the record, the plaintiff, Sumner Coal Mining Company, is a corporation, and held certain automobiles, trucks, steam shovels, and equipment, and operated a "strip mine" from which coal was being taken. Lot Ravenscraft, as president of the plaintiff company, leased to Lot Ravenscraft, the individual, all the property, real,

personal, or mixed, corporeal or incorporeal, belonging to or held by the Sumner Coal Mining Company for a period of five years, in consideration of the sum of $1, and the further consideration of the payment of a certain sum per ton for all coal mined or taken from plaintiff's premises. "Lot", the individual, then assigned the lease to H. L. Daugherty, a brother-in-law, who in turn assigned the lease to Caroline Ravenscraft, mother of Lot. The petition then alleges the Ravencrofts operated the "strip mine," contracted debts for labor, etc., amounting to $4,000; that laborers and others had filed liens against the property; that large quantities of coal had been mined and sold, but no rentals or royalties had been paid to the company; that all this had been done by "Lot" without the formality of calling a special meeting of the stockholders, or consulting with the board of directors. It is further alleged that the Ravenscrafts had, after getting in control of the property, sold a Ford car, Buick truck, Delco lighting system, and other property of the mining company, and it would appear from the pleadings that the mine being operated was not only a "strip" mine but the company was a "stripped" company. "Lot," however, must have overlooked the charter of the company and left it hanging on the wall, where it was found by the stockholders, who with that as a basis, brought action to annul the lease; for accounting; for royalties and rentals; for damages for the personal property sold and converted to the defendant's use, and for a receiver.

A receiver was duly appointed and Lot and Caroline Ravenscraft filed their motion to discharge the receiver. Upon hearing had, the motion was denied, and thereafter defendants filed their motion for rehearing, which was in due time by the court denied. It appears from the record that all parties were present either in person or by attorney, and no notice of appeal was filed or noted, and the order denying the motion to discharge the receiver, as well as the motion for a rehearing thereon, became final.

Section 525, Comp. Stat. 1921, provides in part as follows:

"In all cases in the district or superior court, in which a receiver may be appointed, or refused, the party aggrieved may, within ten days thereafter, appeal from the order of the court, or a judge thereof, refusing to appoint, or refusing to vacate the appointment of a receiver, to the Supreme Court, etc."

The section further provides that upon the applicant filing bond, the authority of the receiver shall be suspended until final determination of such appeal. After the expiration of the time for filing an appeal, no notice of appeal having been given, the defendant Caroline Ravenscraft, without joining Lot Ravenscraft, filed her separate "motion to discharge the receiver," wherein she sets up substantially the same matters just determined in the motion wherein she joined Lot Ravenscraft, and does not set up any further matter which could not have been set up in the joint motion. The plaintiff thereupon filed its motions to strike the last motion to discharge receiver from the files, for that the orders and judgment of the court denying the former motion to discharge the receiver "is a former adjudication of the matters and things involved in the present application, and the right of said defendant Caroline Ravenscraft to ask for or to have the order appointing said receiver vacated or set aside."

This motion to strike being by the court sustained, the defendant perfects her appeal to this court from the order striking her motion from the files. Defendant contends the judgment of the court refusing to discharge the receiver on her motion joined in by her codefendant, does ont estop her from again filing her motion to discharge the receiver, and the question is not res adjudicata.

It may be true sudden changes may take place; adjustments of differences may be effectuated; all parties in interest may ratify the acts of the corporation not wholly void; payments of damages, royalties, and rentals may be made, thus enabling the identical parties to come into court and maintain a motion to discharge a receiver, but no such condition confronts us in the case under review. The defendants joined in a motion to discharge the receiver, which motion was by the court denied. Under section 525, Comp. Stat. 1921, they might have perfected their appeal to this court. Not having availed themselves of this right, the judgment of the court became final upon all questions presented. Lamb v. Alexander, 45 Okla. 573, 145 Pac. 443; Greening v. Maire Bros. Co., 79 Okla. 136, 192 Pac. 202; Skelly Oil Company v. Grove Oil Co., 87 Okla. 225, 209 Pac. 321.

To permit defendants to first file a joint motion, and, upon adverse judgment, permit them to file separate motions where conditions have not changed, and in which no new fact is set up which might not have

been set up in the joint motion, or was not within the knowledge of the defendants when they filed their joint motion, would entail the court in an endless round of hearings upon such motions, should the interested parties be numerous.

Not only is the judgment of a court of competent jurisdiction, upon the merits of a controversy, final and conclusive between the parties thereto in any subsequent controversy between them where the same question arises, but also as to every question which might have been presented and determined therein. Pratt v. Ratliff, 10 Okla. 168, 61 Pac. 523; Alfrey v. Colbert, 44 Okla. 246, 144 Pac. 179; Comanche Ice & Fuel Company v. Binder & Hillery, 70 Okla. 28, 172 Pac. 629; Bruner v. Bearden, 80 Okla. 154, 195 Pac. 117; Baker v. Vodder, 83 Okla. 140, 200 Pac. 994; Freeland v. Dolan, 84 Okla. 286, 203 Pac. 182; Cromwell v. Hamilton, 87 Okla. 66, 209 Pac. 395; Stutsman v. Williams, 87 Okla. 64, 209 Pac. 406; Bisley v. Mahaffey, 87 Okla. 258, 209 Pac. 920; Good v. First National Bank, 88 Okla. 110, 211 Pac. 1051; Miller v. Gorman, 88 Okla. 229, 212 Pac. 983; Goodeagle v. Moore, 89 Okla. 211, 214 Pac. 725.

No question having been presented by defendant's second and separate motion which was not, or might have been, set up and determined in the joint motion of the defendant, the judgment of the court upon the joint motion became final when unappealed from, and the court committed no error in striking the separate motion from the files, and the judgment of the court below should be affirmed.

By the Court: It is so ordered.