## JAMES McCORD CO. v. JOHNSON GROCERY CO. et al.

No. 8828—Opinion Filed April 16, 1918.

(172 Pac. 438.)

**1. Judgment—Res Judicata—Pleading.**

On the trial of a case where former adjudication is relied on as a defense, it should be made to appear by the pleadings, the verdict, and findings or judgment that the issues involved are res judicata.

**2. Attachment—Wrongful Attachment—Action for Damages—Evidence.**

The evidence in this case examined, and held to be sufficient to support the verdict and judgment of the court.

(Syllabus by Springer, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the Johnson Grocery Company and others against the James McCord Company. From a judgment of the district court in favor of the plaintiffs on appeal from a judgment of justice court in favor of the plaintiffs and from denial of motion for a new trial, defendant brings error. Affirmed.

J. L. C. Guest, H. W. Sitton, and Bond & Kolb, for plaintiff in error.

H. B. Lockett, for defendants in error.

Opinion by SPRINGER, C. In this opinion the plaintiff in error will be referred to as defendant, and the defendants in error will be referred to as plaintiffs. The record in this case discloses that on the 3rd day of November, 1915, the defendant instituted an action against the plaintiffs in the county court of Stephens county upon an open account, and at the same time sued out an order of attachment which was lawful upon a stock of merchandise belonging to the plaintiffs. Afterwards the plaintiffs successfully prosecuted a motion dissolving the attachment proceedings, and the defendant thereupon sued out a second attachment order in the same action which was also dissolved on the 21st day of December, 1915. The case then proceeded to trial upon the petition of the defendant and the answer of the plaintiffs; the plaintiffs claiming damages in their answer by reason of the wrongful issuance of the various attachment or

ders dissolved by the court. Upon the trial of the case the defendant recovered judgment against the plaintiffs for the sum of $29.56.

Afterwards, and on the 1st day of April, 1916, the plaintiffs instituted suit against the defendant in the justice of the peace court of Comanche district, Stephens county, Okla., to recover judgment for damages for the sum of $199.95 for the wrongful retention of the property levied on under the order of attachment after the order of attachment had been dissolved by the court. To the bill of particulars filed in the justice of the peace court defendant filed an answer pleading a former adjudication of the matters and things in dispute here, and alleging among other things that the question of damage arising out of the attachment proceedings was adjudicated in the judgment in the county court on the 21st day of December, 1915. On the trial of the case in the justice of the peace court the plaintiffs recovered a judgment for $100, and the defendant appealed from the judgment to the district court of Stephens county where a trial was had to the court and a jury, which returned a verdict in favor of the plaintiffs for $199.95, and judgment by the court was rendered upon the verdict of the jury. A motion for a new trial was duly presented and overruled and exceptions saved, and this case is now properly before us upon a petition in error.

The record in this case discloses that after the attachment order was dissolved on the 21st day of December, 1915, the defendant failed and refused to deliver the goods, wares, and merchandise back into the possession of the plaintiffs for a period of 21 days, and this action in the justice of the peace court was brought for damages for the wrongful retention of the possession of the property during said time. It is plain from the record before us that the question of res judicata does not enter into this case. The defendant retained possession of the property for a period of 21 days after the attachment order had been dissolved and after judgment was rendered on the 21st day of December, 1915, in which all damages for the wrongful suing out of the various attachment orders was adjudicated. And if the question of former adjudication were involved in this proceeding, there was no evidence introduced in the trial court nor is there anything in the record before us which proves or tends to prove that fact. The question of former adjudication must be pleaded and proved by legal and competent evidence.

"The inquiry of res judicata is not limited to the mere formal judgment. It extends to the pleadings, the verdict or the findings, and the scope and meaning of the judgment is often determined by the pleadings, verdict, or findings." McDuffie v. Geiser Mfg. Co. et al., 41 Okla. 488, 138 Pac. 1029.

On the trial of this case there was absolutely nothing introduced that would prove or tend to prove former adjudication, except the verdict of the jury that was returned in the county court in the trial there on the 21st day of December, 1915, nor were any of the pleadings or judgment attached to the answer as exhibits and none of them were offered in evidence.

"Neither the verdict of the jury nor the findings of the court * * * upon the precise point * * * constitutes a bar." Oklahoma City v. McMaster, 196 U. S. 529, 25 Sup. Ct. 324, 49 L. Ed. 587.

On the trial of a case where former adjudication is relied on as a defense, it should be made to appear by the pleadings, the verdict, and findings or judgment that the issues involved are res judicata.

It is next contended in the brief of the defendant that the evidence in this case is not sufficient to sustain the judgment for the reason that the amount recovered is excessive. We do not agree with this contention of the defendant. The record in this case discloses the fact that about $800 worth of property was taken and remained in the possession of the defendant the entire time covered by this action. The record in this case discloses that during the time covered by this action a great deal of the merchandise was destroyed by freezing; that the canned goods froze and practically all of the liquid goods froze; and that the damage to the goods by depreciation, etc., amounted to $100. The evidence shows the rent on the building where the stock of goods was stored was $25, and that during the time the goods were in the possession of the defendant, the plaintiffs lost an advantageous sale.

The action is for both actual and punitive damages, and we are of the opinion that the verdict of the jury and the judgment of the court is fully sustained by the evidence. Accordingly the judgment is affirmed.

By the Court: It is so ordered.