OWINGS v. HUNT.

1. RES JUDICATA—ADVANCEMENTS.—The former action pleaded in bar to this is *res judicata* as to the question of advancements, and all parties thereto, including minors properly served, are bound thereby.

2. FEE CONDITIONAL—STATUTE OF DISTRIBUTIONS—LIMITATION OF ESTATE.—Heirs of the body in a fee conditional estate do not take the estate according to the statute of distributions.

Before BUCHANAN, J., Pickens, March, 1898. Affirmed.

Action by Lidie Owings and Raymond O. Hunt, by his

guardian *ad litem*, *v.* Amanda Hunt, Jesse E. Hunt, Uzee Hunt, H. M. Brock, E. H. Brock, and C. L. Hollingsworth. The plaintiffs and defendant, Hollingsworth, appeal from Circuit decree.

*Messrs. Morgan & Blassingame*, for plaintiffs, appellants. No citations.

*Messrs. Wells, Ansel & Hollingsworth*, for Hollingsworth, appellant, cite: *Defendants are liable to account for advancements:* Bail. Eq., 234; McM. Eq., 234; 17 S. C., 550. *Res judicata:* 17 S. C., 35, 163. *There is no difference as to the taking by succession from the ancestor in fee simple and fee conditional estates:* 28 S. C., 238; 47 S. C., 288; 13 S. C., 512; 37 S. C., 266; 52 S. C., 262.

*Messrs. Haynsworth, Parker & Patterson*, contra, cite: *Question of advancements is fixed:* 42 U. S., 134; 101 U. S., 638. *Advancements only apply to estates passing under statutes of distribution:* 47 S. C., 512; 12 Rich. Eq., 428; Bail. Eq., 154; 1 Hill Ch., 11; 13 S. C., 528; 7 DeS., 290. *Fee conditional lands do not pass under statute, and it does not apply:* Harp., 92; 5 Rich. Eq., 446; 17 S. C., 557.

Sept. 28, 1898. The opinion of the Court was delivered by

Mr. Justice Pope. This action was commenced 8th September, 1897, in the Court of Common Pleas for Pickens County. The complaint substantially alleges: *First.* That the plaintiff, Raymond O. Hunt, is a minor over fourteen years of age, and appears by his guardian *ad litem*, T. F. Hunt. *Second.* That Eveline Hunt, who died on 14th March, 1890, intestate, left as her surviving children the plaintiffs and defendants, H. M. Brock and E. H. Brock, and also A. R. Hunt, who is represented by C. L. Hollingsworth, which four children and her husband, T. J. Hunt, were her heirs at law. *Third.* That on the 22d July, 1867, one Esli Hunt made and delivered to his daughter, Eveline Hunt, his deed, whereby he conveyed to her 300 acres of

land to her and the heirs of her body. *Fourth.* That such deed was one in fee conditional. *Fifth.* That said Eveline Hunt accepted said deed, went into the possession of the 300 acres of land under its provisions, had issue born to her, held possession until her death, except of such portions as she alienated during her life, and left certain issue living at her death. *Sixth.* That at the time of the death of said Eveline Hunt, she was in possession of 191 acres of the 300 acres conveyed to her by her father. *Seventh.* That H. M. Brock and E. H. Brock were the children of said Eveline, born after her intermarriage with James Brock, who died in 1862, and that on the 4th August, 1886, she made and delivered to H. M. and E. H. Brock a fee simple deed of conveyance to 109 acres of the 300 acres conveyed to her by her father, as their share of the said 300 acres, and they went into possession of said 109 acres, and they accepted the same as in full settlement of their interest in said 300 acres. *Eighth.* That under the mortgage of Eveline Hunt to defendant, C. L. Hollingsworth, fifty-nine acres of the 191 acres was sold after the death of said Eveline, thus leaving 132 acres of the 300 acres. *Ninth.* That on the 10th of April, 1891, an action was begun in the Court of Common Pleas for Pickens County by H. M. and E. H. Brock and A. R. Hunt, as plaintiffs, against T. J. Hunt (husband who survived Eveline Hunt), Lidie Hunt (who is now Lidie Owings), and Raymond Hunt, as defendants, whereby it was sought to partition among other lands the remainder of the 300 acres, after deducting the 109 previously conveyed by Eveline Hunt to H. M. Brock and E. H. Brock, and all persons interested were parties plaintiff and defendant to said action. Reference is made to the judgment No. 1666. *Tenth.* That by the decree in No. 1666, it was adjudged, that T. J. Hunt, as the husband of said Eveline Hunt, was entitled to occupy said 300 acres (or what remained of it), as tenant by courtesy, during his natural life, which judgment in that respect was observed until the death of the said T. J. Hunt. *Eleventh.* That A.

R. Hunt, one of the plaintiffs in the suit just before mentioned, has sold and conveyed to the defendant, C. L. Hollingsworth, all his right, title, and estate in the said 132 acres remaining of the 300 acres of land, and said Hollingsworth now owns the same—said A. R. Hunt having been an heir of the body of Eveline Hunt at her death, and he is now dead. *Twelfth.* That since the decree in the action referred to as No. 1666, the said T. J. Hunt mortgaged his estate by the courtesy in said lands to the defendant, C. L. Hollingsworth, which said mortgage is not yet fully satisfied, and is claimed as a lien on the said 132 acres of land; but the plaintiffs allege that T. J. Hunt having died on the 20th day of August, 1897, the said mortgage is no longer a lien upon said 132 acres. *Thirteenth.* That the said T. J. Hunt, after the death of Eveline Hunt, intermarried with one Rebecca Hogshed, by whom he had two children, Jesse Hunt and Uzee Hunt, who are still living, and under the age of fourteen years, but that said Rebecca, their mother, is now dead. *Fourteenth.* That after the death of the second wife of said T. J. Hunt, he intermarried with the defendant, Amanda Hunt. *Fifteenth.* That plaintiffs are informed that some of the defendants contend that said T. J. Hunt was seized, as an heir at law of said Eveline Hunt, of a one-third interest in the 132 acres of land, but they deny that such interest exists. *Sixteenth.* That the parties named as parties plaintiff and defendant to this action will give the Court jurisdiction of all the parties and the subject matter. The prayer for relief is: 1. That the two plaintiffs and defendant, C. L. Hollingsworth, may be adjudged the owners of said 132 acres of land. 2. That the mortgage of T. J. Hunt to C. L. Hollingsworth, so far as it covers the 132 acres of land, be declared null and void. 3. That the 132 acres be sold in partition and the proceeds divided between the plaintiffs and defendant, one-third to each. 4. For such other and further relief as may be necessary.

The answer of the defendant, C. L. Hollingsworth, admits

all of the allegations of the complaint.    The defendants, H. M. and E. H. Brock, admit articles 1, 2, 3, 4, 5, 6, 8, 9, and 10 of the complaint.    As to the 7th article, they admit their mother, Eveline Hunt, conveyed to them 109 acres of the 300 acres tract, but they deny all the other allegations of said 7th article.    They deny that they have knowledge or information sufficient to form a belief as to allegations in 11, 12, 13, 14, and 15 articles of said complaint.    They allege that each of said H. M. and E. H. Brock is the owner of a one-fifth interest in the 132 acres of land.    They further allege that the action which is contained in judgment roll No. 1666 was to procure a partition among the parties to said action of the lands of which Mrs. Eveline Hunt died seized, and also to partition among the five children of Mrs. Eveline Hunt the tract of land which was held in fee conditional.    That in the answers filed in said action, it was alleged that their mother had in her lifetime made considerable advancements to these defendants, H. M. and E. H. Brock, for which they should be required to account in the settlement of her estate.    That while said matters were so at issue, a reference was ordered to take testimony thereon, and testimony was taken tending to show that the said Eveline Hunt had made, in her lifetime, a deed in fee simple to these defendants for 109 acres of the 300 acres, as a gift to them, and it was sought at such reference to charge these defendants with the lands covered by said deed of conveyance as an advancement.    That such matters came on for trial by the Court of Common Pleas for Pickens County on the referee's report, and a decree was filed on 12th March, 1892, which was afterwards amended by a consent decree on 8th November, 1892; that by said decrees it was adjudged that the tract of land described in the complaint was held by Eveline Hunt in fee conditional, and that the children of said Eveline named as parties plaintiff and defendant were the heirs of the body of said Eveline, to whom the tract of land passed at her death; that T. J. Hunt was entitled to occupy the same as tenant by courtesy, and the same

was set over to him for his life, and nothing further was adjudged with reference to said tract of land; that it was further adjudged that the conveyance of the 109 acres to these defendants by Eveline Hunt was a gift for which, as an advancement, they must account in the settlement of her estate, and the lands directed to be sold, and the proceeds divided in accordance with the rights of the parties. That in pursuance of said decree all the lands belonging to the estate of Eveline Hunt, deceased, were sold, and the interest of these defendants in said lands were turned over to the other heirs, on account of the said advancements as aforesaid. That by said decree the matters now sought to be litigated in the present action were adjudged adversely to the claims of the plaintiffs.

The action now at bar was heard by Judge Buchanan, and on the      day of      1898, his decree was filed, wherein he held: That there were two questions of law presented: "(1) Whether under the proceedings had in the former action the conveyance of the 109 acres of land is to be considered as an advancement, or whether it was intended by this conveyance to allot to H. M. and E. H. Brock what might be their portion of the fee conditional lands, in case of the death of said Eveline Hunt; and (2) if the said conveyance was intended as an advancement, whether the said H. M. Brock and E. H. Brock should be required to account for the value thereof in the division of the balance of the fee conditional lands." The Circuit Judge held that, considering that each answer in the former case sought to charge H. M. and E. H. Brock with the 109 acres as an advancement to be accounted for in the settlement, not for the fee conditional lands, but of *her estate*, which estate consisted of lands other than the fee conditional lands and also personal property, and that such was so understood by the Court and all the parties concerned, the 109 acres so received by H. M. and E. H. Brock was an advancement by their mother in her lifetime, and can only operate in the settlement of the estate of Mrs. Eveline Hunt. He also held that A. R. Hunt hav-

ing estopped himself from considering the 109 acres so conveyed to H. M. and E. H. Brock as their share of the fee conditional lands, his grantee, C. L. Hollingsworth, was likewise so estopped.

The Circuit Judge held in considering the second question that this advancement to H. M. Brock and E. H. Brock of the 109 acres by their mother, could not be brought into the matter of the partition of the 132 acres of the fee conditional lands, but that they each were entitled to one-fifth part thereof. He provided in his decree, as the 132 acres had already been sold under a consent order in the action at bar, each of the plaintiffs, and H. M. and E. H. Brock and C. L. Holllingsworth, were entitled to be paid the one-fifth part of the proceeds of sale by the clerk of court, who was custodian of said proceeds.

The appeal is intended to question the correctness of this decree of Judge Buchanan, and the grounds are as follows: 1. Because the Circuit Judge erred in holding that the appellants were and are estopped from raising the claim that H. M. and E. H. Brock are not entitled to a full share in the balance of the fee conditional lands, without any deduction on account of the conveyance to them of the 109 acres. 2. That he erred in holding that the appellants are estopped by their pleadings in the case of Brock *v.* Hunt *et al.*, the testimony adduced by them, and the decrees therein filed, from claiming that the conveyance to H. M. and E. H. Brock of the 109 acres was anything else than an advancement. 3. That the pleadings and evidence in the former case showing Lidie Owings (*nee* Hunt) and Raymond O. Hunt were minors, and their answers being merely formal and dependent upon the Court for the protection of their rights, his Honor erred in holding that they are now estopped by said pleadings to contend the respondents, H. M. and E. H. Brock, are not entitled to a full share in the fee conditional lands, and that the 109 acres were conveyed to the Brocks as advancements; and that he further erred in holding that said persons, then minors, are now estopped

13—53

from raising the question by *res judicata*. 4. Because the Circuit Judge erred in holding as follows: "As to whether an advancement made by a parent in his lifetime should be accounted for in the division among the children of fee conditional lands, I am of the opinion that this cannot be done." 5. Because the Circuit Judge erred in holding as follows: "And I hold that on the death of Eveline Hunt, the lands in fee conditional passed (1), to her surviving husband as tenant by courtesy, (2) and he being dead, they passed to her children, H. M. Brock, E. H. Brock, A. R. Hunt, Lidie Hunt (now Owings), and Raymond O. Hunt, to be divided among them equally, unaffected by any previous gifts or advancements which she may have made to any of them." 6. Because the Circuit Judge erred in ordering that the proceeds of the sale, after paying costs and expenses, should be divided among the five children; whereas he should have found that the said proceeds should be divided between Lidie Owings, Raymond O. Hunt, and C. L. Hollingsworth, the latter representing the share of A. R. Hunt, as purchaser. 7. That the Circuit Judge erred in not holding that the question of advancements to the said respondents, H. M. and E. H. Brock, having been one of the main issues in the case of Brock *v.* Hunt, and the Court having decreed that they should account for the sum received by them as advancements, and no appeal having been taken from said decree, they were estopped from denying their liability to account for said advancements. 8. Because the Circuit Judge erred in not holding that the doctrine of advancements does apply to the respondents in this case; for it is well settled in this State that the children of the parent in fee conditional take by succession and through their parent. That the only difference between fee conditional and fee simple is, that the latter descends to the heirs generally, while the former only to a particular class named. 9. Because the Circuit Judge should have found that the heirs of the body of Eveline Hunt do not take *per formam doni*, but take through their mother, their ancestor. 10. Because

the Circuit Judge erred in not finding and decreeing that the 109 acres of land were a part of the fee conditional lands, and that the same were conveyed to H. M. and E. H. Brock as that much of their part of said lands.

We will now pass upon the questions raised by this appeal, not in the language of the exceptions, but in our own way, being careful to respond to every point raised. First, was it error in the Circuit Judge, when he held that these appellants were estopped, to question the decree in the former action of Brock *v.* Hunt *et al?* We have always understood that a judgment in an action was conclusive of every issue involved upon every party to such action. Indeed, it has been held that such judgment is conclusive upon such parties as to every issue necessarily involved or included by the action wherein such judgment was rendered. That some of the parties to such action were minors, can make no exception to this rule where they have had all the requirements of the law fulfilled as to service, appointment of guardian *ad litem*, &c. To hold otherwise, it seems to us, would be to imperil the integrity of all judgments. So, therefore, the parties—all the parties—to the previous action of Brock *v.* Hunt *et al.* are bound, as they have not shown any vice in such judgment, provided the terms of such judgment are conclusive upon them in holding that H. M. and E. H. Brock should hold the 109 acres as an advancement. As the Circuit Judge remarks, every answer in the action of Brock *v.* Hunt *et al.* insists that these Brocks shall answer for the advancement to them of the 109 acres by their mother in her lifetime, and the testimony of every witness is directed to the establishment of this conclusion. So when we recur to the judgment of Judge Hudson, we find that he has decreed "that on the final settlement of the estate of the said Eveline Hunt, deceased, the plaintiff, E. H. Brock, do account for the sum of $772 as advances; that the plaintiff, M. H. Brock, do account for the sum of $833.50 as advances." When we turn to the pleadings and the testimony, we find

that not only are H. M. and E. H. Brock called upon to
account for the 109 acres of land as an advancement, but
each one is required to account for a work animal (a horse
in one case and a mule in another), hog, heifer, feather beds,
cow and calf, etc., given to them by their mother, Mrs. Eve-
line Hunt, in her lifetime.   And it is because of the differ-
ence in the value of the personal property advanced to
these sons by their mother that there is a difference in the
amount of their respective advancements—each one of the
Brock sons received the same amount in land.   It seems
to us that all parties, conceding as they do in the case at
bar, and they do so very properly, that it is in the power
of Eveline Hunt, after the birth of issue—this being an
estate in fee conditional—to have sold this land, and that
there might be some force and effect in such conveyance of
the land during her lifetime; but the deeds are not before
us, and the question has not been raised in this form, so we
will pass on to the second.

Does an heir of the body, after the death of the first taker
intestate, in a fee conditional, take land as such heir of the
body, subject to the restrictions imposed by the stat-
ute of distributions?   If the statute of distributions
does not affect such heir at law as to portion of the
fee conditional, it seems that the appellants cannot hope for
much relief.   In answer to this question, it might be well
to state what a fee conditional is.   We fear some of the
declarations of this Court, and of other law writers, have
been misconstrued when a contrast was drawn between a
fee simple and a fee conditional, in so far as the extent and
dignity of the two estates have been referred to—as, for ex-
ample, in *Buist* v. *Dawes*, 4 Rich. Eq., 423; *Selman* v.
*Robertson*, 46 S. C., 262; *DuPont* v. *DuBos*, 52 S. C., 262;
but it will be observed, in the examination of these cases,
that every one of them was careful to note this radical dif-
ference between the two, for it is stated that the prominent
distinction between them is in the description of the heirs
to which the estates respectively descend—one (fee simple)

to the heirs in general, and the other (fee conditional) to particular heirs of the body generally, or restricted as to sex and as to the body that shall bear them. All the rules applying to estates in fee simple are equally applicable to the estate in fee conditional, *with the exception of its order of descent and the right of alienation to bar the donor.* A fee conditional may be said to be a "fee restricted to some particular heirs, exclusive of others." It has been held in this State that a fee conditional is not the subject of a devise. *Jones* v. *Postell,* Harper, 92. It has, however, been held in this State that a fee conditional in the hands of heirs of the body after the death of the first taker, who died intestate, is subject to the payment of the debts of such first taker or ancestor—*Burnett* v. *Burnett,* 17 S. C., 545—and this result must be predicated upon the fact that the heirs of the body take the estate in fee conditional by limitation rather than by purchase. This being so, it does not follow that such heirs of the body take the fee conditional subject to the laws of this State providing a method for the distribution of intestate estates. In cases of intestacy, an estate in fee simple absolute, which descends to the heirs generally, does vest in such heirs so as to be distributable among them in accordance with the statute for the distribution of intestate estates. This result does not attend the fee conditional. It may be that when the fee conditional was created, it was provided that the lands should vest in A and the daughters born of his body, and both *sons* and *daughters* were left surviving the ancestor. To require the estate of the daughters to be distributed under the statute of distribution of intestate estates, would violate the terms of the deed and sacrifice the rights of the particular heirs of the body named in the deed. We do not find any error in the decree of the Circuit Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice McIver and Justices Gary and Jones concur in the result.