(96 Misc. Rep. 594)

## TERRKY v. TERRKY.

(Supreme Court, Special Term, Kings County.　September 27, 1916.)

1. MARRIAGE ☞58(1)—INFANTS—ANNULMENT—ELECTION.

A female, married under the age of 18, has the right, on attaining that age, to confirm or to disaffirm the marriage and sue for annulment, but, having once elected, cannot change her decision.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115, 118; Dec. Dig. ☞58(1).]

2. MARRIAGE ☞58(1)—INFANTS—ELECTION—WHAT CONSTITUTES.

Where a female, married under the age of 18, sued for separation before attaining that age, but took judgment in such suit after becoming 18, which judgment recited a valid marriage she could not then sue for annulment; her election occurring while she had the right to elect.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 115, 118; Dec. Dig. ☞58(1).]

3. JUDGMENT ☞666—PARTIES CONCLUDED—JURISDICTION.

A judgment is a binding adjudication against the party who obtained it, even though void as to the other for lack of jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1180; Dec. Dig. ☞666.]

4. INFANTS ☞113—CONTRACTS—ELECTION.

Since infants may bind themselves by election, an infant, properly represented by guardian, is estopped by a judgment obtained in her action.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 321; Dec. Dig. ☞113.]

Suit by Rose Terrky, an infant, by her guardian ad item, Fanny Wechsler, against Tully S. Terrky. Complaint dismissed upon the merits.

Israel M. Lerner, of New York City, for plaintiff.

CROPSEY, J. This is an undefended action to annul a marriage, upon the ground of plaintiff's nonage. She was under 18 years of age at the time of the marriage and has not lived with the defendant since she became 18. Before bringing this action, however, she, through her guardian ad litem, brought an action against the defendant for a separation; and the question here is whether the bringing of that action and the prosecution of it to judgment prevents the plaintiff from obtaining the relief here sought.

On the hearing it developed that the action for a separation had been tried two years ago. The judgment roll in that action was not available on the hearing, but it was submitted to the court later. It appears that the separation action was begun before the plaintiff became 18, but that it was not tried and the judgment entered until after she had arrived at that age. It further appears that she was a witness on her own behalf and that the defendant since the entry of that judgment has been paying the alimony for which provision was therein made. The plaintiff is now 21 years of age.

[1] When the plaintiff became 18, she had the right of election,

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

either to confirm the marriage or to disaffirm it. She could then determine to treat it either as a valid, binding contract and obligation, or as a voidable contract and to bring an action for its annulment. But having once made the election, having acted thereon, and having taken the benefits thereof, she cannot thereafter change her decision and seek to make a contrary election. Herrman v. Herrman, 93 Misc. Rep. 315, 156 N. Y. Supp. 688, 690.

[2] Here the plaintiff, after becoming 18, prosecuted to judgment her action for a separation. That judgment found that there was a valid marriage existing between the plaintiff and defendant, as contended by her, and it directed the defendant to provide support for his wife, the plaintiff; and this he has done. The plaintiff cannot now assert that her marriage was not valid. Its validity has been judicially declared, and at a time, too, after the plaintiff had the right of election. She cannot now disaffirm the contract. Goodwin v. Goodwin, 158 App. Div. 171, 174, 175, 142 N. Y. Supp. 1102. The case cited was one in which the obtaining of a judgment of separation was held to be a bar to an action subsequently brought to annul the marriage; and the general rule is that, where the remedies are inconsistent and a choice is once made, the right to follow the other is forever gone. Conrow v. Little, 115 N. Y. 387, 393, 22 N. E. 346, 5 L. R. A. 693; Terry v. Munger, 121 N. Y. 161, 167, 24 N. E. 272, 8 L. R. A. 216, 18 Am. St. Rep. 803; Droege v. Ahrens, etc., Co., 163 N. Y. 466, 470, 57 N. E. 747; 13 L. R. A. note, 472, 473.

[3] A judgment is a binding adjudication against the party who obtained it, even though as to the other party it may be void for lack of jurisdiction. Starbuck v. Starbuck, 173 N. Y. 503, 66 N. E. 193, 93 Am. St. Rep. 631; Matter of Swales, 60 App. Div. 599, 70 N. Y. Supp. 220, affirmed 172 N. Y. 651, 65 N. E. 1122; 60 L. R. A. note, pp. 301, 304; 51 L. R. A. (N. S.) note, pp. 535, 536.

[4] Nor does the fact that the plaintiff was an infant at the time of prosecuting to judgment the separation action affect the question. Infants may bind themselves by an election. Bigelow on Estoppel, p. 735, and cases cited; 3 Bacon's Abr., title Election (E) 315. So an infant, properly represented by a guardian, is estopped by a judgment obtained in the action. Bigelow on Estoppel, p. 132, and cases cited.

It follows that the complaint must be dismissed upon the merits.