# CHARLESTON.

LULA A. SINNETT *et al. v.* LEE GOFF *et al.*

Submitted November 15. 1921.     Decided November 29,1921.

1. GUARDIAN AND WARD—*Guardian Ad Litem Necessary in Summary Proceedings to Lease Land of Ward for Production of Oil and Gas.*

   In a summary proceeding prosecuted by a guardian, as provided in section 12, chapter 83, Code, to lease the land of his wards, for the production of oil and gas, the appointment of a guardian ad litem is necessary, and, when so appointed, he, as well as the infants, if over 14 years of age, should answer the petition on oath in proper form.  (p. 631).

2. INFANTS—*Answer of Guardian Ad Litem Held Sufficient in Form.*

   An answer by "J. M. Harper, guardian ad litem" is sufficient when it is otherwise in the usual form, and commits the interests of the infants to the care and protection of the court and the court files, and throughout the proceeding recognizes and acts upon it as the answer of the infants by the guardian ad litem.  (p. 632).

3. GUARDIAN AND WARD—*Inconsequential Irregularities in Answer of Guardian Ad Litem Held Not Reversible Upon Bill of Review.*

   Court orders in such a proceeding, authorizing and confirming a lease of infants' land, made by a guardian pursuant to such orders, are not reversible upon a bill of review by an infant within six months after he attains his majority, where the only basis for the review is an inconsequential irregularity in the caption or signature to the answer of the guardian ad litem.  (p. 633).

4. INFANTS—*That Decree is for or Against Infant Does Not Change its Legal Effect.*

   There is no legal difference in effect between a decree in favor of or against an infant and a decree in favor of or against an adult, as neither can impeach or invalidate it except for fraud, collusion, or error in its procurement.  (p. 633).

   (LIVELY, JUDGE, absent.)

Case Certified from Circuit Court, Roane County.

Proceedings by Lula A. Sinnett and others against Lee

Goff and others. A demurrr to the bill was sustained, and case certified.

*Affirmed.*

*Thos. P. Ryan,* for plaintiffs.

*S. P. Bell* and *Grover F. Hedges,* for defendants.

LYNCH, JUDGE:

J. M. Simmons, by his will duly probated, devised 44 acres of land and other property in Roane County to his widow, Minnie B. Simmons, and his three infant children, Earl, Susan and Lula Ann, and appointed his widow their guardian. Subsequently, on the 17th day of April, 1912, Minnie B. Simmons conveyed her one-fourth interest in the 44 acres to Lee Goff and A. S. Heck, and in May of the same year, as guardian, filed her petition in the Circuit Court, seeking by a summary proceeding to lease for oil and gas purposes the three-fourths interest of the children. Notice was given, as required by section 12, chapter 83, Barnes' Code, 1918, and by order of the court J. M. Harper was appointed guardian ad litem for the infants. Answers were filed by them and by the guardian ad litem, and on May 23, in pursuance of the court's direction, the guardian executed a lease of the interests of the infants to Goff and Heck, who later assigned the lease to Cabot, also named defendant. The lease was confirmed and ratified by a final order in the cause, with the provision that the proceeds from the infants' interests in the land should be invested for their benefit.

Lula A. Sinnett (nee Simmons), having attained her majority, within six months prior to the institution of the suit, and H. Brooks Sinnett, her husband, filed their bill praying that the decree in the said summary proceeding be reviewed, reversed and set aside: They allege as errors in the proceeding certain defects in the answer filed by the guardian ad litem in behalf of the infant children, of whom plaintiff, Lula A. Sinnett, was the youngest. Two answers were filed to the petition, both of which appear in the record. The first purports to be the "joint and several answer" of the three minor children, naming them, and bears their signatures.

The other, styled "The answer of J. M. Harper, guardian ad litem of the infant defendants Earl Simmons, Susan Simmons and Lula Ann Simmons" is signed "J. M. Harper, Guardian ad litem," and it is the alleged insufficiency of this answer which forms the basis of plaintiffs' complaint. The trial court sustained the demurrer to the bill, which ruling is now certified to this court for review.

Plaintiffs register no objection to the subject matter of the answer, which is fully responsive to the averments of the bill, but merely to the form of its execution. The gist of their position is that the expression, "J. M. Harper, guardian ad litem," is not the signature of J. M. Harper acting in behalf of the infant children, but is the signature of J. M. Harper individually, and therefore insufficient to satisfy the provisions of sec. 3, ch. 83, Code, which requires that "To every such infant or insane defendant there shall be appointed a guardian ad litem, who as well as the infant (if over fourteen years of age) shall answer the bill on oath in proper person."

This argument plaintiffs support by reference to a number of cases in which the signers of promissory notes and those against whom executions and judgments are directed are bound in their individual rather than representative capacities. Decisions of this character are not controlling in proceedings such as this one is. Investigation of the authorities indicates that the present case should be governed by a rule of agency, thoroughly fundamental and by no means contradicted by the decisions upon which plaintiffs rely. We refer to the doctrine expressed by Dr. Mechem as follows: "In determining whether a given form of execution is sufficient to bind the principal, the primary consideration is, what is the true intention of the parties as expressed in this contract? In settling this question it must be borne in mind that no particular form of words is required, and that the intention is to be gathered from the whole instrument, and not from any isolated portion of it." Mechem, Agency, (2nd. Ed.) sec. 1166, cases cited. Manifestly, the courts have shown no disregard for this principle in ruling that notes and judgments in which no person is disclosed as the object of their operation, save

the one specifically named by the signature as the maker or in the caption as party defendant, should not readily be construed as binding upon a principal, concerning whom the subject matter of the writing sheds no light and affords no information.

The answer considered discloses its office with particularity. In the approved statutory form, Harper addresses the court as the guardian ad litem of the infants named, and avers ''that he is advised and believes that his said wards have material interest in the matter and things alleged in said petition; that he has no personal knowledge thereof, but upon information and belief he says that such allegations are true; that his said wards are under the age of 21 years and he commits their interests to the care and protection of the court'' etc. From the four corners of this instrument does there appear any reasonable question that Harper, who signed and verified it ''J. M. Harper, guardian ad litem,'' acted otherwise than in his duly authorized representative capacity? We think not, and the authorities support such a conclusion. ''The answer filed by the guardian ad litem of the infant purports to be the answer of the infant by the guardian ad litem, but it is signed by the latter and a careful reading will show that it is in fact his answer. It is the opinions, statements and responses of the guardian that are given; and however the judge or clerk may have regarded or termed it in the hurry or confusion of the court, it has the same effect as if it were formally designated and filed as the answer of the guardian in his proper person.'' *Durrett* v. *Davis, Guardian et als.,* 24 Gratt. (Va.) 302. ''A defendant in equity is charged as executrix; but, in the body of her answer, she in fact answers as devisee; Held: such answer places her before the court in her character of devisee.'' *Kinney's Ex'ors.* v. *Harvey & Worth et als.,* 2 Leigh (Va.) 70.

Defendants in their brief cite as ''conclusive'' *Thompson* v. *Land & Coal Co.,* 77 W. Va. 782. There this court held it to be immaterial whether a guardian ad litem signs the infant's name as ''by'' himself, as guardian ad litem; or signs his own name first as guardian ad litem ''for'' the infant.

We were concerned in that decision with a more superficial question of agency, the mere form of an agent's signature, and the conclusion does not control the present case. It is, however, representative of a principle applicable here in arriving at a proper result, namely, that "notwithstanding the character of the proceeding, it is remedial, and the statute authorizing it is liberally construed." *French* v. *Pocahontas Coal & Coke Co.*, 87 W. Va. 226, 104 S. E. 554. In that case the court reviews the character of proceedings for the disposal of infants' property, citing *Frantz* v. *Lester*, 82 W. Va. 328, 95 S. E. 945, 2 A. L. R. 1558, in which it was carefully shown that any disposition of such property is the court's disposition, not the act of an individual, though the court does act through its appointed representative. Such being the case, as an appellate tribunal, our inclination is to sustain such sales rather than avoid them for irregularities which do not affect the merits of the action or defeat the ends of justice. See *Zirkle* v. *McCue et al.*, 26 Gratt. (Va.) 517. Indeed, under the authorities we seem bound to this position. "An infant can impeach a judgment or decree only upon the grounds which would invalidate it in case of another person, such as fraud, collusion or error. He is, as a rule, as much bound by a decree against him as an adult. The law recognizes no distinction between a decree against an infant and one against an adult." *Harrison et als.* v. *Walton's Exr. et al.*, 95 Va. 721, 30 S. E. 372, 64 A. S. R. 830, 41 L. R. A. 703; *Lafferty* v. *Lafferty*, 42 W. Va. 783; *Hare* v. *Hollomon*, 94 N. C. 14; *Joyce* v. *McAvoy*, 31 Cal. 273, 89 A. D. 172; *Ralston* v. *Lahee*, 8 Ia. 17, 74 A. D. 291; *Sites* v. *Eldredge*, 45 N. J. Eq. 632, 14 A. S. R. 769.

There is no error in the ruling certified.

*Affirmed.*