## CONNER et al. v. BARTLETT et al.

No. 13486—Opinion Filed June 30, 1925.

### 1. Judgment—Res Judicata.

When a matter has once passed to final judgment without fraud or collusion, in a court of competent jurisdiction it has become res judicata, and the same matter, between the same parties, cannot be reopened or subsequently considered in another action.

### 2. Infants — Binding Force of Judgment Against.

Binding force of a judgment against an infant depends on the question whether it is to be held void or merely voidable. In the former case it has no effect as estoppel, but in the latter it is conclusive, however irregular or erroneous it may be.

### 3. Guardian and Ward—Conclusiveness of Judgment as to Ward.

In the absence of fraud or collusion a ward is concluded by a judgment in an action concerning his interest in which he was legally represented by his guardian.

(Syllabus by the Court.)

Commissioners' Opinion.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Willie Conner and another against H. U. Bartlett and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Neff & Neff, for plaintiffs in error.

W. H. Francis, B. B. Blakeney, and Hubert Ambrister, for defendant in error Magnolia Petroleum Company.

McDougal, Allen & Pryor and L. O. Lytle, for defendants in error Bartlett, Oglesby, and Bailey.

John Rogers, for defendant in error Harry H. Rogers.

PER CURIAM. This suit was instituted by appellants, plaintiffs below, against appellees, defendants below, on the 21st day of January, 1920, in the district court of Creek county, to recover possession of a one-half interest in 160 acres of land in Creek county, Okla., the allotment of their father, Thomas Conner, and for rents and royalties due plaintiffs derived from said lands, and for the cancellation of a certain guardian's deed, wherein E. G. Bailey, guardian, was grantor and H. U. Bartlett, grantee, and all subsequent deeds and all orders and proceedings had in the probate court concerning same, certified copies of which are attached to plaintiffs' petition and made a part thereof.

Defendants claim under the guardian's deed sought to be canceled, as the grantees of H. U. Bartlett, and the defendant Magnolia Petroleum Company, pleads a lease executed by E. G. Bailey, as guardian of plaintiffs, to the McMann Oil Company, and duly assigned to the Magnolia Petroleum Company. The facts, as disclosed by the record, show that Thomas Conner, the allottee, was a full-blood Creek Indian and died on the 28th day of August, 1901, and left surviving him, his widow and four children, who, under the law of descent and distribution of the Creek Nation then in force, each took a one-fifth interest in the estate. Deceased had not selected his allotment at the time of his death, which was thereafter selected according to law and allotted to the heirs.

On October 18, 1911, E. G. Bailey filed his application to be appointed guardian of Willie Conner and John Conner, minors, appellants, herein, in the county court of McIntosh county, Okla., and was thereafter duly appointed and qualified, and on the 28th day of December, 1911, filed a petition in the above said court, to sell the inherited interest of his wards above named in the allotment of their father, Thomas Conner, deceased, which petition was granted, and on the 16th day of January, 1912, an undivided one-third interest in said allotment was sold, acting under the belief that the Oklahoma law of descent controlled, rather than the Creek law, and under the direction of the court, E. G. Bailey, guardian, executed a deed in due form to H. U. Bartlett, he being the highest and best bidder conveying a one-

third interest in said allotment to the said H. U. Bartlett, who subsequently conveyed his interest to the defendant, Robert Oglesby, who thereafter executed an oil and gas lease to the defendant, McMan Oil Company, who on the 3rd day of January, 1917, sold, assigned and conveyed all of its interest by reason of such lease to the defendant, Magnolia Petroleum Company.

On September 20, 1913, subsequent to the guardianship sale, E. G. Bailey, as the guardian of Willie Conner and John Conner, appellants executed an oil and gas mining lease to the McMan Oil Company, conveying all the mineral interest of said minors in and to the land in controversy, to the McMan Oil Company, which was duly approved by the county court of McIntosh county, and thereafter and prior to the trial of this case said lease was approved by the Secretary of the Interior, to wit, on October 30, 1920.

The record further discloses that on December 22, 1913, E. G. Bailey, guardian of the appellants, at that time filed suit for said minors, against Bartlett, Oglesby and McElroy, defendants in this case, in the district court of Creek county, asking that the conveyance theretofore made by the guardian be set aside, and that plaintiffs be declared to be the owners of the lands here in controversy and set up the fact that the land descended under the Creek law, under which each of the plaintiffs were entitled to a one-fifth interest, rather than a one-sixth.

Defendants answer by general denial and on the 7th day of September, 1914, the matter was tried to the court, and judgment rendered for the plaintiffs for a one-fifteenth interest, together with their pro rata share of the royalties then produced, but found against the plaintiffs, and in favor of defendants, upholding the validity of the guardianship proceedings had in McIntosh county, and the conveyance to Bartlett and all subsequent conveyance based thereon. On February 29, 1922, this cause came on for trial, and the defendants Magnolia Petroleum Company and McMan Oil Company presented a motion for judgment on the pleadings, which was sustained by the court, and judgment rendered for said defendants, and against the plaintiffs, upholding the guardian's deed and all subsequent conveyances based thereon, and the oil and gas lease, from which order and judgment plaintiffs appeal.

The defendants Bartlett, Oglesby and Rogers offered evidence in support of their plea of former adjudication wherein they had averred in their answers that the judgment of the district court of Creek county, here-tofore referred to, was a bar to this action, and at the conclusion of the evidence on this point the court sustained the plea, and rendered judgment for the defendants, from which order and judgment plaintiffs appeal.

Appellants set forth numerous assignments of error, but urge only two in their brief. They first contend and base their argument on the theory that the probate proceedings, and the guardian's deed resulting therefrom, were void for the reason that the guardian's sale was a private sale and that the interest of the minors was sold for less than 90 per cent. of the appraised value. We do not find, however, from an examination of the record that the probate proceedings disclose this fact upon its face. This question, however, is not the real question for consideration in this case. We have heretofore called attention to the fact that a suit was brought in the district court by the guardian of said minors in 1914, against the defendants in error in this case, wherein the appellants here sought to cancel the same deed and attack the same guardianship proceedings. In that case it was determined that the guardianship deed here sought to be canceled was a good and valid conveyance of an undivided one-third interest in the allotment of Thomas Conner, deceased. It was further determined that the minors, Willie and John Conner, plaintiffs in error in this case, did originally inherit a two-fifths interest, rather than one-third or two-sixths interest, and that they were still the owners of the difference between two-fifths and two-sixths, being a one-fifteenth interest in the estate, and judgment was rendered in their favor for $1,707.83, royalties due them from the oil and gas companies who had developed the tract of land. No appeal was taken from the judgment of the court by plaintiffs or defendants, and the plaintiffs in error here accepted the judgment and received the benefits derived therefrom by reason of the judgment rendered for royalties in their favor and for a one-fifteenth interest in the land.

The appellants, in so far as their brief is concerned, base their right to a reversal of this judgment upon the alleged error of the court in sustaining the plea of res judicata, and make the contention that the judgment of the district court heretofore referred to was absolutely void and is subject to collateral attack, and is not sufficient to constitute a bar to this cause of action, upon the theory that the judgment rendered in the probate or county court and the guardian's deed issued by reason of said proceedings upon which the judgment of the district court

was based is void. We do not understand this, however, to be the correct rule. Plaintiffs in error here invoked the jurisdiction of the district court in the suit instituted in 1913, for the purpose of canceling the deed in controversy, and all subsequent conveyances. just as they do in the instant case, and it is self-evident that if the district court now has jurisdiction of the subject-matter of this suit and all the parties thereto, it likewise had jurisdiction in 1913, at the time the former suit was instituted.

In Pratt v. Ratliff, Sheriff, 10 Okla. 168, 61 Pac. 523, the following rule is announced:

"When a matter has once passed to final judgment without fraud or collusion, in a court of competent jurisdiction, it has become res judicata, and the same matter, between the same parties, cannot be reopened or subsequently considered"

—in which case a citation is found from the case of Hollister v. Abbott, 31 N. H. 448, 64 Am. Dec. 342, as follows:

"It is a well-established principle that the judgment of a court of record having jurisdiction of the case and of the parties is binding and conclusive upon the parties and privies in every other court until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceeding may be erroneous, yet, as between the parties, the judgment must stand until regularly vacated or reversed. Where the court has jurisdiction, it has the right to decide every question which arises in the case; and, whether its decisions be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correctness of a judgment, which has been rendered between them in a court having jurisdiction of them and of the subject-matter. The only way for them to investigate such a judgment is by a rehearing of that case, either by writ of error or some other legal and direct mode; for to the extent to which the judgment goes their rights have been considered and decided, and they have submitted to that decision, either from the force of law, after a final hearing, by a court of last resort, or from a disinclination to pursue the matter further when other courses of proceeding for rehearing were open before them, and might have been had if they had so elected."

The same doctrine is announced in the case of Woodworth, County Clerk, v. Town of Hennessey, 32 Okla. 267 122 Pac. 224; McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029, and Comanche Ice & Fuel Co. v. Binder & Hillery, 70 Okla. 28, 172 Pac. 629, and numerous other authorities are cited establishing the doctrine that the plea of res judicata is good as against an action between the same parties involving the same issues and subject-matter, where the matter has been formerly adjudicated in a court of competent jurisdiction between the same parties prior to the institution of the suit in which the plea is presented as a bar.

This question disposes of all issues involved here except the validity of the oil and gas lease under which the appellee Magnolia Petroleum Company held, and the deed having been upheld, and the Magnolia Petroleum Company holding leases from those holding under the original guardian's deed, the lease in question is only material in so far as it affects the one-fifteenth interest yet held by the appellants. Appellants contend that the lease executed by Bailey, the guardian, was never approved by the Secretary of the Interior. However from an examination of the record, we find that same was approved prior to the institution of this suit, and under the rule announced in the case of Lomax v. Pickering, 173 U. S. 26, and other reputable authorities, the approval at a later date is sufficient, and relates back to the execution of the lease, so we are inclined to the opinion that there is no merit in the contention of appellant, and that the case should be affirmed.

By the Court:: It is so ordered.

Note—See under (1) 34 C. J. p. 750, § 1162; 15 R. C. L. p. 950, et seq., 3 R. C. L. Supp. p. 508, 4 R. C. L. Supp p. 1025; (2) 34 C. J. p. 990, § 1408; (3) 34 C. J. p. 1023, § 1446.