12929

McCOY v. PROVIDENT LIFE INSURANCE CO.

(153 S. E., 468)

500

*Messrs. Epps & Levy,* for appellant, 

*Mr. L. D. Jennings,* for respondent, 

May 23, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

Roy McCoy, by his *guardian ad litem,* Alice J. McCoy, commenced this action on May 17, 1927. The pleadings and the testimony are not included in the transcript of record, but the agreed statement of facts shows that Roy was in the employ of the O. L. Williams Top & Panel Company as a laborer, and as such was insured in a group disability policy issued by the defendant company to all employees of the Top & Panel Company. Roy contends that he was injured while so employed and so insured, and this action was brought for the purpose of collecting indemnity under the policy for fifty-two weeks, less one week for which he had furnished proofs and been paid by the defendant. The answer, after denying the alleged injury to the plaintiff, set up as a second defense a release executed by him. The plaintiff filed a reply in which he attacked the release on three grounds: First, that he did not know the paper he signed was a receipt in full of all claims against the company; second, that the release was without consideration; and third, that it was obtained by fraud and misrepresentation.

The case was tried before his Honor, Judge Bonham, and a jury on October 14, 1929. Testimony was introduced for the plaintiff tending to show that he had been injured as

alleged and was therefore entitled to payment; and for the defendant, tending to show the contrary. It appears also that the release relied upon was a check of defendant, payable to Roy McCoy—the amount not being shown but being presumed to be the amount due for one week's indemnity—containing a provision on the back thereof that the payee accepted it in full settlement of all claims against the company under the policy by reason of the alleged accidental injury; and that Roy received the check, indorsed his name across it under the release, and cashed it. Although there was no allegation in the pleadings as to the infancy of the plaintiff, testimony was introduced showing his age "to have been about sixteen years at the time of his injury and at the time of signing the release." The jury found for the defendant. The plaintiff then moved for a new trial upon the ground that Judge Bonham erred in failing to charge the jury the law with respect to plaintiff's infancy as affecting the release. From an order granting the motion, defendant appeals.

The only question involved is whether the trial Judge should have charged the law with regard to infancy, although there was no request for such charge, and although infancy was not pleaded in avoidance of the release.

The general rule is that infancy is a personal defense, which must be pleaded, and that failure to plead it constitutes waiver. However, in the case at bar, the testimony apprised the Court that the plaintiff was an infant at the time he signed the release and at the time this suit was brought, and his rights, therefore, were those of an infant, in the protection of which the Court is very zealous. We think that, under the circumstances, it was obligatory on the trial Judge to charge the law with regard to plaintiff's minority as affecting the release.

This case is not in conflict with *State v. Lewis,* 21 S. C., 598, in which an appeal from a judgment of the Circuit Court, denying a writ of *certiorari* in a trial Justice case, was dismissed. The return of the trial Justice stated "that no

plea of minority was ever made before me in the oral answer *or in evidence,*" and this Court said that, "the question must be determined by an inspection of the return and the face of the proceedings, and they failed to show the relator's infancy. * * *" In the case at bar, as we have stated, the plaintiff's infancy is shown by the evidence.

The order appealed from is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : This is an action upon a policy of insurance issued to a corporation, group insurance, indemnifying its employees for disability on account of personal injury. The policy is not set out in the record for appeal; it indistinctly appears that, while the policy was to continue for a year, payments for a disability at $9 a week would continue only so long as the disability continued.

The plaintiff, Roy McCoy, a youth of sixteen years, was injured in October, 1927, while the policy was in force, and filed a claim with the company for one week's disability, October 10th to October 18th, $9. The claim was paid by the company with a check, *upon the face* of which this appeared: "Being in full settlement of all claims against this company under its policy No. G, for any illness or accidental injury, originating prior to date hereof." *Upon the back* of the check, this appeared, signed by the plaintiff:

"Received of the Provident Life & Accident Insurance Company of Chattanooga, Tennessee, the sum named on the face of this check in full and final settlement of all claims against said Company on account of any illness or accidental injury, or the effects of either, sustained by me before the date hereof."

At the end of the year the plaintiff made demand upon the company for 51 weeks' disability at $9 per week; no demand in the meantime appears to have been made; and upon its refusal this action was commenced May 17, 1929, for the

claimed disability. The action was instituted by the mother of the plaintiff as his *guardian ad litem*.

The defendant answered setting up the release evidenced by the check above noted. The plaintiff represented by L. D. Jennings, Esq., an eminent member of the Sumter bar, replied to the answer, attacking the alleged release upon three grounds: First, that he did not know the paper he signed was a receipt in full of all claims against the company; second, that the release was without consideration; and, third, it was obtained by fraud and misrepresentation.

It will be noted in the reply of the plaintiff attacking the release, no point was made as to the minority of the plaintiff.

The case came on to be tried before his Honor, Judge M. L. Bonham, and a jury, on October 14, 1929, in the Court of Common Pleas for Sumter County. Testimony was introduced tending to support the plaintiff's contention that he was injured and was entitled to payment, and testimony was also introduced by the defendant tending to show that the plaintiff was not injured and was not entitled to payment. Testimony was also introduced showing the age of the plaintiff to have been about sixteen years at the time of his injury and at the time of signing the release. No requests to charge were submitted by the plaintiff, but his Honor, in his general charge to the jury, charged them with regard to the release in language to which no exception has been taken.

The jury returned a verdict in favor of the defendant, and thereupon the plaintiff moved for a new trial, mainly upon the ground that as the evidence showed that the plaintiff at the time he signed the alleged release was a minor, his Honor, the presiding Judge, though not requested to do so, was in error in not charging the jury upon the effect which the minority of the plaintiff had upon the alleged release.

Thereupon, his Honor signed an order granting a new trial stating therein:

"It cannot be denied that an infant is not bound by his contract except for necessaries. He may repudiate that, if he

do so in proper time and manner. The law is especially zealous to protect infants. I am constrained to the conclusion that there was error on the part of the Court in not instructing the jury in regard to plaintiff's minority and its effect upon the release. For this reason there must be a new trial."

From this order the defendant has appealed and bases its appeal upon this proposition:

"The plaintiff was duly represented by *guardian ad litem* and by counsel, and they had full authority to choose for the plaintiff the defenses which he should interpose to the release. By the plaintiff's reply, there were set up against the release the defenses which competent authority chose to set up and it was not error of law for the trial Judge to fail to charge the effect of the plaintiff's minority under these circumstances."

The plaintiff occupies an anomalous position: his claim under the policy is based upon a contract which he, as a minor, had made with the employer corporation, that it would take out insurance for his benefit, the premiums upon which were to be deducted from the wages of the employees; he might have disavowed this arrangement if he had seen fit to do so and recovered the *pro rata* amounts of wages due him which had been withheld by the corporation and applied to the premiums; he made no objection to it and by his conduct and this action upon the policy must be deemed to have waived the objection of minority.

The policy necessarily looks to a settlement for an injury sustained, as an incident of it, and I think that when he has ratified the contract he ratifies such a settlement, provided that it has been consummated fairly and no advantage has been taken of his minority; that is a matter which the Court should carefully scrutinize; as to it the order of the trial Judge shows that there was no sustained objection. His Honor charged fully and fairly upon the alleged invalidity of the release, and upon that issue the jury found in favor of the defendant.

It appears to me that the proposition above stated upon which the defendant-appellant relies is abundantly sustained by the authorities. The plaintiff knew when he proposed to commence his suit that he was a minor; he was obliged to make this appear when he petitioned for the appointment of a *guardian ad litem;* his counsel knew that fact, as doubtless the petition was prepared by him; he prepared the complaint which contained an allegation of the appointment of the *guardian ad litem;* the case was conducted without the slightest intimation that the release was otherwise objectionable than upon the grounds stated; no request to charge was preferred bearing upon the subject of minority and only after the case had been lost before the jury, a remarkable result of an insurance case, was there the least murmur to the effect that the plaintiff might affirm the contract of insurance and disaffirm a necessary incident of it on account of his minority.

I think that the leading opinion has drawn from the well-recognized duty of the Court to guard the interests of minors, in regard to settlements, which duty was fully performed by the presiding Judge in the case at bar, a license on the part of the Court to disregard the settled principles of pleading and practice.

In reference to the position of a *guardian ad litem.* It is said in 31 C. J., 1141:

"However, as he fully represents the rights and interests of the infant in the particular litigation, and his rights and powers generally extend to all matters affecting the interest of the ward in the case, in the absence of fraud or gross misconduct the acts of a *guardian ad litem,* or next friend, duly authorized to act and acting within the limits of his authority, are binding upon the infant."

In *Thompson v. Maxwell,* 168 U. S., 451, 18 S. Ct., 121, 128, 42 L. Ed., 539, it was held:

"While the *guardian ad litem* was an ignorant and inexperienced woman, her interests were looked after by her

brother-in-law, who was a capable business man, and by counsel learned in the law; and, while there may have been some irregularities in the proceedings, yet it is affirmatively found that there was no fraud, imposition, or error in the transaction of the decree. Surely, under these circumstances, the decree ought not to be disturbed."

In that case the Court quotes with approval from various authorities as follows:

"An infant defendant is as much bound by a decree in equity as a person of full age. Therefore, if there be an absolute decree made against a defendant who is under age, he will not be permitted to dispute it, unless upon the same grounds as an adult might have disputed it; such as fraud, collusion, or error. * * *

"If the Court thus pronounced a decree against an infant by consent, and without inquiry whether it will be for his benefit, he is as much bound by the decree as if there had been a reference to a master and a report by him that it was for the benefit of the infant."

In *Estes v. Lucky,* 133 Ark., 97, 201 S. W., 815, it was held:

"Infants properly served as parties defendant, and for whom a *guardian ad litem* has been appointed, are in Court as effectually as if adults, and are subject to the same rules of procedure."

"An infant who sues by his next friend is as much bound by the judgment of a Court having jurisdiction of the parties and subject-matter as if of full age." *Kansas City, Ft. S. & M. R. Co. v. Morgan* (C. C. A.), 76 F., 429.

"A minor, suing as a plaintiff on a cause of action, will be bound by the judgment rendered therein the same as an adult would be, if the suit was brought and prosecuted in good faith for the minor's benefit." *McCreary v. Creighton,* 76 Neb., 179, 107 N. W., 240.

"An infant is bound by a decree where the Court has jurisdiction of his person, and a special guardian has been

duly appointed for the protection of his interest." *In re Wood's Estate,* 70 App. Div., 321, 75 N. Y. S., 272.

"An infant is as much bound by a decree against him as an adult, and is not permitted to impeach such decree except for fraud, collusion, or error." *Harrison v. Wallton,* 95 Va.,, 721, 30 S. E., 372, 41 L. R. A., 703, 64 Am. St. Rep., 830.

In *Owings v. Hunt,* 53 S. C., 187, 31 S. E., 237, 239, the Court said:

"That some of the parties to such action were minors can make no exception to this rule, where they have had all the requirements of the law fulfilled as to service, appointment of *guardian ad litem,* etc. To hold otherwise, it seems to us, would be to imperil the integrity of all judgments."

"When the Court acquires jurisdiction of the subject and person, an infant is as much bound by its decree as an adult." *McComb v. Gilkeson,* 110 Va., 406, 66 S. E., 77, 135 Am. St. Rep., 944.

"In the absence of fraud or collusion, minors properly in Court are bound as fully as adults, and, when properly represented, are bound by the knowledge of their representatives." *Burke v. R. Co.,* 86 Wash., 37, 149 P., 335, Ann. Cas., 1917-B, 919.

In *Gimbert v. R. Co.,* 152 Va., 684, 148 S. E., 680, 683, the Court said:

"An infant may sue in Virginia * * * and having sued he is bound to the same degree and the same extent as an adult."

"Infants are bound the same as adults by judgments in actions prosecuted in their names and for their supposed benefit in the manner prescribed by law, even though the result might prove the action unwise, and they are responsible likewise for the legal consequences of such actions." *Moorman v. Trust Co.,* 181 Ky., 30, 203 S. W., 856.

"Since infants may bind themselves by election, an infant, properly represented by guardian, is estopped by a judgment

obtained in her action." *Terrky v. Terrky*, 96 Misc. Rep., 594, 160 N. Y. S., 1016.

If judgment against an infant is void, it has no effect as an estoppel, but, if voidable, it is conclusive however irregular or erroneous it may be. *Conner v. Bartlett,* 111 Okl., 3, 238 P., 411.

"As a general rule, infants are as much bound by decrees as adults, and can impeach them only for causes for which an adult could impeach them, especially where the decree is in favor of the infant, and in a suit in which he is plaintiff." *Asberry v. Mitchell,* 121 Va., 276, 93 S. E., 638, L. R. A., 1918-A, 785.

In *Sinnett v. Goff,* 89 W. Va., 629, 109 S. E., 820, the syllabus by the Court is as follows:

"There is no legal difference in effect between a decree in favor of or against an infant and a decree in favor of or against an adult, as neither can impeach or invalidate it except for fraud, collusion, or error in its procurement."

See, also, *Lafferty v. Lafferty,* 42 W. Va., 783, 26 S. E., 262; *Hare v. Hollomon,* 94 N. C., 14; *Joyce v. McAvoy,* 31 Cal., 273, 89 Am. Dec., 172; *Ralston v. Lahee,* 8 Iowa, 17, 74 Am. Dec., 291; *Sites v. Eldredge,* 45 N. J. Eq., 632, 18 A., 214, 14 Am. St. Rep., 769.

In *Dickson v. Neal* (C. C. A.), 2 F. (2d), 533, 537, it was held, quoting from other authorities:

"An infant is ordinarily bound by acts done in good faith by his solicitor or counsel in the course of the suit, to the same extent as a person of full age."

I think that these authorities show that in the absence of fraud or collusion, to the prejudice of the infant's rights, after the infant has come or been brought into Court according to the forms of law, he is as much bound by the proceedings as an adult would be.

It must be remembered that the contracts of infants are not void but voidable. The *guardian ad litem* and her able counsel had full power and right to decide what defenses

they would set up against the release. Having elected to set up the defenses which they did, and having elected not to set up the defense of minority, they proceeded to test the issues before the jury and lost. I see no obligation upon the Circuit Judge under these circumstances to set aside a verdict which in other respects he approved and give the plaintiff the opportunity to set up the questionable defense of minority.

It is axiomatic that a party, adult or infant, when he comes into Court, must set up all of his defenses or be deemed to have waived them. To sustain the order in this case would justify an infant in every case to hold back his defense of minority and retrieve a disaster in the verdict of the jury. The law does not ordinarily sanction such a policy.

For these reasons I think that the order granting a new trial in this case should be reversed.