Pauline Russo, Plaintiff, *v.* Anthony Russo, Defendant.

Supreme Court, Richmond County, May 19, 1938.

*Samuel R. Kurzman*, for the plaintiff.

*Frank L. Ippolito*, for the defendant.

Froessel, J. Plaintiff sues for annulment upon the ground of fraud. Defendant does not defend. They were married by a civil ceremony on March 2, 1932. She claims that prior thereto defendant promised he would also marry her by a religious ceremony, but after their civil marriage he refused to do so. But, according to her own testimony in this case, they lived together for over a year and cohabited as man and wife for about a month following the civil marriage. Why cohabitation preceded solemnization of the marriage by a religious ceremony can only be explained by the fact that to plaintiff the latter was not material. Adherence to one's religious beliefs in such respects should at least be consistent.

But there is a further reason which forbids me, in any event, from granting the annulment prayed for, even if I were otherwise inclined to. This suit was instituted four years after the parties actually separated. Prior to the commencement of this action plaintiff entered into a separation agreement with defendant, and then brought an action against him which terminated in a judgment of separation in her favor on November 17, 1936. The judgment

roll in that action was not available at the hearing, though it was offered, and has since been submitted to this court. By virtue of her instituting said separation action and pressing it to judgment she elected to affirm the marriage contract, assuming it were voidable, and bound herself by such election. She cannot stand upon a contract, demand its enforcement, accept its benefits, and then seek its repudiation. (*Butler* v. *Butler*, 204 App. Div. 602; *Goodwin* v. *Goodwin*, 158 id. 171; *Terrky* v. *Terrky*, 96 Misc. 594; *Herrman* v. *Herrman*, 93 id. 315; *Pellerin* v. *Pellerin*, 123 id. 552.)

Accordingly, the complaint must be dismissed upon the merits.