Arthur D. Brennan, J.
The complaint in this action alleges three causes of action: (1) For a declaratory judgment declaring that the divorce obtained by the male defendant in the State of Nevada and his subsequent marriage to the female defendant are invalid and that the plaintiff is the lawful wife of the said male defendant; (2) for an annulment of the marriage alleged to have been entered into between the defendants; and (3) for a declaratory judgment declaring that a certain separation agreement entered into between the plaintiff and the male defendant in 1947 is invalid by reason of the claim that the same was entered into by the plaintiff as a result of fraud and duress; that said agreement was unfair; inadequate and inequitable; and also in that said agreement had been breached, in various respects, in and during the year 1958.
The defendants’ motion to dismiss the first and second causes of action for legal insufficiency, is denied. So, too, the defendants ’ motion pursuant to rule 212 of the Rules of Civil Practice, for a dismissal of the first and second causes of action on the *983 ground that there is now pending in this court a prior action for divorce which will afford the plaintiff all the relief sought by her in the said first and second causes of action herein, is also denied. Although the divorce action as well as the first and second causes of action herein will each require an adjudication that the marital status still exists between the plaintiff and the male defendant, yet these actions seek inconsistent relief in that the divorce action seeks to terminate and dissolve the adjudicated marital status, while on the other hand the first and second causes of action herein do not seek to terminate and dissolve said status but rather to retain the same. The fact that the divorce action is inconsistent with each of the first two causes in this action does.not prevent the prosecution of the two last-mentioned causes. Inconsistent causes of action -may be brought separately or even in the same action. (See Civ. Prae. Act, § 258.) And an election of inconsistent remedies occurs not by the bringing of one action which is inconsistent with another, but by the prosecution of one of such actions to the point of judgment. (See, e.g., Riley v. Riley, 89 N. Y. S. 2d 347; Russo v. Russo, 168 Misc 551.)
Turning now to the defendants ’ motion, pursuant to rule 107 of the Eules of Civil Practice, for a dismissal of the third cause of action on the ground that the 10-year Statute of Limitations has run and that said cause of action is thereby barred, this court is of the view that this motion should be and is denied but with leave to the male defendant to allege said ground as an affirmative defense in his answer. While there appears to be- considerable merit to this defense insofar as the third cause of action is based upon fraud, duress, inadequacy, etc., yet, the said third cause of action also seeks an adjudication that, the subject separation agreement is now invalid by reason of certain breaches alleged to have occurred in 1958. It therefore seems clear that where, as here, the Statute of Limitations may have run as to some of the allegations set forth in the cause of action but not as to all of the same, then the motion to dismiss the entire cause of action should not be granted and the defense should be affirmatively alleged in the answer. The defendants ’ time to serve their answer to the complaint herein is extended until June 1, 1959.
Settle order on notice.